IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID P. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-111-ECM |
| | ) [WO] |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Now pending before the Court are the Defendant's motion to dismiss the Plaintiff's first amended complaint (doc. 38) and Jon Yorke's ("Professor Yorke") motion to intervene (doc. 44). The Court held a hearing via Zoom videoconference on November 13, 2025, during which the Court addressed the two motions. For the reasons stated at the hearing and memorialized below, the motion to dismiss (doc. 38) is due to be granted in part and denied in part, and the motion to intervene (doc. 44) is due to be denied.

The Plaintiff's first amended complaint contains four claims brought pursuant to 42 U.S.C. § 1983. (*See* doc. 35). In Counts 1 and 2, the Plaintiff claims that Alabama's nitrogen hypoxia execution protocol violates the Eighth Amendment to the United States Constitution. In Counts 3 and 4, the Plaintiff claims that the nitrogen hypoxia protocol violates international law. As the Court explained on the record at the hearing, the Court

is not revisiting the Eighth Amendment claims in Counts 1 and 2,[1] and thus the Court focused on the new claims in Counts 3 and 4.

In Count 3, the Plaintiff asserts that the United States Supreme Court's requirement that a plaintiff prove the existence of an alternative method of execution violates international law. *See, e.g.*, *Bucklew v. Precythe*, 587 U.S. 119, 134 (2019). In Count 4, the Plaintiff claims that Alabama's nitrogen hypoxia protocol violates international law. Count 4 comprises three independent theories or bases for relief: (1) the nitrogen hypoxia protocol violates the international law standard requiring that capital punishment be carried out so as to inflict the minimal possible suffering; (2) the nitrogen hypoxia protocol violates the International Covenant on Civil and Political Rights, which the United States ratified and which calls for no delay or prevention of the abolition of the death penalty; and (3) the nitrogen hypoxia protocol violates the *jus cogens* norm of international law[2] prohibiting torture.

As the Court explained on the record at the hearing, the Plaintiff's brief in opposition to the motion to dismiss (doc. 46) focused almost exclusively on the aspect of Count 4 regarding the international law norm prohibiting torture, which suggested to the Court that the Plaintiff had abandoned Count 3 and the other aspects of Count 4. The Court gave the

---

[1] The Court previously denied the Defendant's motion to dismiss the Plaintiff's original complaint, which comprised only Counts 1 and 2. (*See* doc. 25).

[2] A *jus cogens* norm "is a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character." Vienna Convention on the Law of Treaties, art. 53, May 23, 1969, 1155 U.N.T.S. 332, 8 I.L.M. 679.

2

Plaintiff an opportunity at the hearing to address Count 3 and the other aspects of Count 4; however, the Plaintiff's arguments continued to focus almost exclusively on the *jus cogens* norm of international law prohibiting torture and whether the Plaintiff can bring such a claim in federal court pursuant to § 1983.  For these reasons, the Court concluded that the Plaintiff had abandoned Count 3 and the aspects of Count 4 which are unrelated to the claim that Alabama's nitrogen hypoxia protocol violates the international law norm prohibiting torture.  Additionally, for the reasons stated on the record at the hearing, the Court was not persuaded at this stage that § 1983 does *not* provide a vehicle by which the Plaintiff can bring his international law claim in this Court.

Further, for the reasons stated on the record at the hearing, Professor Yorke has not established entitlement to intervene as of right under Federal Rule of Civil Procedure 24 because he failed to show that he has a "direct, substantial, legally protectible interest in th[is] proceeding," *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982), or that the disposition of this action may impede or impair his ability to protect his interest, *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–96 (11th Cir. 2017).  And while Professor Yorke's knowledge and experience may make him a viable expert witness or *amicus curiae*, the Court in its discretion found that permissive intervention was not appropriate under the circumstances of this case. *See Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

Accordingly, it is

ORDERED as follows:

1.      The Defendant's motion to dismiss (doc. 38) is GRANTED to the extent that Count 3 and the aspects of Count 4 which are unrelated to the claim that Alabama's nitrogen hypoxia protocol violates the international law norm prohibiting torture are DISMISSED.  The motion to dismiss (doc. 38) is DENIED in all other respects, such that Counts 1, 2, and the prohibition on torture claim in Count 4 survive dismissal;

2.      Professor Yorke's motion to intervene (doc. 44) is DENIED;

3.      The Defendant shall file an answer to the Plaintiff's first amended complaint as soon as practicable but **no later than November 28, 2025**. See FED. R. CIV. P. 12(a)(4).

DONE this 14th day of November, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE