# EXHIBIT D

IN THE SUPERIOR COURT BUTTS COUNTY

STATE OF GEORGIA

WARREN LEE HILL, JR.

    Petitioner,

    v.

FREDRICK HEAD, Warden,
Georgia Diagnostic Prison,

    Respondent.

\* HABEAS CORPUS
\* Case No.: 94-V-216

### ORDER ON PETITIONER'S EMERGENCY MOTION TO COMPEL RESPONDENT TO ALLOW PRESERVATION OF CRITICAL EVIDENCE OF THE EXECUTION BY ELECTROCUTION OF RONALD KEITH SPIVEY

This matter was brought before the Court by way of emergency motion on 27 February 2001. The immediacy of a ruling is obvious. The petitioner seeks to videotape the electrocution of one Ronald K. Spivey, which execution is scheduled for March 7, 2001 at 7:00 p.m. (Mr. Spivey has given consent to such videotaping. See attachment "A", hereto.) Petitioner alleges that such video taping of an actual electrocution is necessary to "perpetuate evidence that may be cognizable in any Court." O.C.G.A. §9-11-27

Respondent objects to such requests, principally, on two grounds. First, respondent contends such evidence is not relevant to the subject matter of the pending litigation in that petitioner's claim that execution by electrocution is unconstitutional was raised and decided adversely to petitioner, thus *res judicata*; secondly that the issue is procedurally

Page 1 of 6

defaulted by not being raised properly on direct appeal.

(1)

Respondent, by amendment withdraws any assertion of *Res Judicata*. However, the record in this matter indicates that the issue of the unconstitutionality of the "application" of the death penalty was raised by petitioner by motion in his case in chief. Obviously a ruling was issued adverse to him.   Hill v. State, 263 Ga. 37, cert denied, 114 S. Ct. 396 (1993).   Respondent asserts that this Court may not relitigate this issue in the context of this habeas proceeding.   Citing, Roulain v. Martin; 266 Ga. 353 (1996)

This court agrees that it is bound by Roulain from even considering the "correctness or incorrectness" of the appellate court's decision.   However, Roulain does not stand for the proposition that the issue cannot be reviewed under any circumstances.

There is precedent in the law, both Georgia and Federal, that an issue dealt with in a previous habeas or appeal may be reconsidered if the habeas court finds that the refusal to do so would constitute a miscarriage of justice.   (emphasis added) Turpin v. Todd, 268 Ga. 820 (1997), Schlup v. Delo, 513 U.S. 298 (1995)

This Court freely acknowledges that it is without authority to relitigate issues decided on direct appeal.

The "miscarriage of justice" exception is an extremely high standard and is very narrowly applied.   Turpin v. Lipham 270 Ga.

208 (1998); Gavin v. Vasquez, 261 Ga. 568 (1991);

Guidance for an application of such exception is found in Schlup v. Delo, *supra*. ("to establish a miscarriage of justice exception, petitioner is required to support allegations of constitutional error with new reliable evidence that was not available at trial.") Further, Georgia courts have held that a subsequent change in law may allow a subsequent habeas determination on a previously adjudicated issue. [1]Broughton v. Griffin, 244 Ga. 365. In Broughton, the Court apparently relied on the reasoning of the U.S. Supreme Court in Alford v. N.C., 405 F.2d 340 (1968) ("*Res judicata* has no place in habeas corpus proceedings - - - Especially is this so when there is reason to reappraise the facts because of the introduction of new pertinent rule of law."

Georgia Courts have not dealt with procedural default in view of a change in law or clear indication of willingness by the Courts to consider a change in law under appropriate circumstances.

This Court does not interpret Esposito v. State, 273 Ga. 183 (2000) as a "change in the law" of the constitutionality of the method of electrocution as a means of executing the death penalty. However, this Court would be blind to the import of Esposito if it interpreted that holding as anything other than a willingness of that Court to reconsider its prior holdings "under a sufficient proffer of evidence." Further, this state has through legislation

---

[1]This Court acknowledges that Broughton deals with the issue of extradition but the principle espoused lends itself to a logical extension in this type of habeas proceeding.

**Page 3 of 6**

(O.C.G.A. §17-10-38) acknowledged (as the voice of the people) its willingness to accommodate a different position than our previously entrenched view that death by electrocution is this state's sole accepted legal means of execution.

While justice may be blind, it is not deaf, especially to the loudly resonating footsteps of evolving standards expressed by our appellate courts and legislature on this issue, deference to which this Court yields.

Petitioner seeks to accumulate and preserve evidence for a full and fair presentation of this issue before the habeas court. The evidence sought has not been [2]reasonably available prior to now in that there was not a prior approval of a death penalty defendant who had given permission to have his electrocution videotaped.

This Court finds that in the interest of a full and fair presentation of evidence on the issue of the cruelty of electrocution, that the videotaping requested herein should be granted under the facts of this case.

This Court specifically does not make a finding that autopsy by anyone other than the state is allowed, nor does the Court find that the state is required to perform an autopsy.

It is with great trepidation that this Court treads in these unchartered waters. There are several issues surely to arise in the future concerning disclosure and use of the videotape in future

---

[2]See, e.g. Turpin v. Todd, supra. Further, the constant refrain of the State to affidavits of experts expressing opinions on the cruelty of electrocution has been, essentially, "they have not viewed a Georgia electrocution."

Page 4 of 6

proceedings.  This Court does not profess to be able to anticipate all such situations.  However, the Court limits its <u>Order</u> with the following conditions:

1 - The videotaping shall be done, only, consistent with the safety requirements of the institution administering the execution of Mr. Spivey;

2 - The state shall be allowed an equally comparable individual to tape, if so desired.

3 - No videotaping shall take place if Mr. Spivey <u>revokes his consent at any time up to and including immediately</u> <u>prior</u> to his execution;

4 - The videotaping shall be done in a manner that no other persons are discernible other than Mr. Spivey.  (This includes guards or other personnel participating in said execution.)

5 - The videotape shall be viewed only by counsel and recorders in this case to Check for compliance with condition no. 4 preceding.

6 - The tape shall not be duplicated nor shown to <u>anyone</u> <u>else</u> until further order of this Court or of a higher Court.

7 - Immediately upon completion of taping, the tape shall be secured by the Warden of

Page 5 of  6

the prison until further order of this Court.
Such storage shall be in a place of limited
access and consistent with necessary
preservation.

Clearly, this motion deals exclusively with the issue of
preservation of evidence.   This Court pursuant to its powers to
regulate discovery as to relevant issues thus issues this ORDER.

This _2ᵈ_ day of _March_ , 2001.

JOHN D. ALLEN
BUTTS COUNTY SUPERIOR COURT
(Sitting by designation)

cc:   Tom Dunn, Esq., Georgia Resource Center
      Attorney for Petitioner
      (Via Facsimile (404) 222-9212

      Paige Reese Whitaker, Assistant Attorney General
      (Via Facsimile (404) 651-6459

Page 6 of  6