**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| IN RE:<br>ALABAMA NITROGEN HYPOXIA PROTOCOL LITIGATION | Case No. 2:24-cv-00111-ECM<br><br>**CAPITAL CASE** |

# CONSOLIDATED PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THEIR FACIAL EIGHTH AMENDMENT CLAIMS

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

PROCEDURAL HISTORY ..... 3

STATEMENT OF UNDISPUTED MATERIAL FACTS ..... 7

STANDARD OF REVIEW ..... 10

ARGUMENT ..... 10

I. The Undisputed Record Establishes the Consolidated Plaintiffs' Eighth Amendment Claims ..... 10

A. The Unchanged Protocol Presents a Substantial Risk of Serious Harm. ..... 11

B. The Undisputed Evidence Establishes a Feasible, Readily Implemented Alternative That Significantly Reduces the Protocol's Risk of Harm. ..... 14

C. Relitigation of These Issues Would Be Contrary to Principles of Judicial Economy. ..... 15

II. The State Is Collaterally Estopped from Relitigating the Issues Resolved in *Lee* ..... 17

CONCLUSION ..... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Air Grp., Inc. v. Anthem, Inc.*,
No. 2:21-cv-01209-RDP, Doc. 493 (N.D. Ala. Dec. 3, 2024)....17

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....10

*Baze v. Rees*,
553 U.S. 35 (2008)....10

*Benjamin v. Coughlin*,
905 F.2d 571 (2d Cir. 1990)....20

*Bucklew v. Precythe*,
587 U.S. 119 (2019)....11

*Burton v. Smoot (In re Smoot)*,
2026 WL 2037524 (N.D. Ga. July 14, 2026)....17

*Demaree v. Fulton Cnty. Sch. Dist.*,
515 F. App'x 859 (11th Cir. 2013)....18

*Duck v. PNC Bank*,
2026 WL 2085707 (M.D. Ala. July 20, 2026)....10

*Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*,
556 F.3d 1232 (11th Cir. 2009)....15

*Glossip v. Gross*,
576 U.S. 863 (2015)....10, 11

*Greenberg v. BellSouth Telecomm., Inc.*,
498 F.3d 1258 (11th Cir. 2007)....10

*Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*,
768 F.2d 1558 (11th Cir. 1985)....18, 19

*Jones v. Cannizzarro*,
2019 WL 2289470 (E.D. La. May 28, 2019)....20

*Lee v. Comm'r, Ala. Dep't of Corr.*,
2026 WL 1651147 (11th Cir. June 8, 2026)....*passim*

*Lee v. Comm'r, Ala. Dep't of Corr.*,
2026 WL 1741802 (11th Cir. June 10, 2026) ....................6, 12, 15

*Lee v. Lovelace*,
2026 WL 1493098 (M.D. Ala. May 28, 2026) .................... *passim*

*Lee v. Lovelace*,
2026 WL 1664095 (M.D. Ala. June 9, 2026) ....................1, 5, 9, 14

*Lee v. Lovelace*,
2026 WL 1678986 (M.D. Ala. June 10, 2026) ....................5, 15

*Lee v. Lovelace*,
2026 WL 2111728 (M.D. Ala. July 22, 2026)....................6, 12, 15, 16

*Marie v. Mosier*,
122 F. Supp. 3d 1085 (D. Kan. 2015)....................14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)....................10

*Matter of McWhorter*,
887 F.2d 1564 (11th Cir. 1989) ....................17

*Moms for Liberty-Brevard Cnty. v. Brevard Pub. Sch.*,
118 F.4th 1324 (11th Cir. 2024) ....................12

*Obergefell v. Hodges*,
576 U.S. 644 (2015)....................14

*Georgia ex rel. Olens v. McCarthy*,
833 F.3d 1317 (11th Cir. 2016) ....................16

*Gregory Construction Co. v. Blanchard*,
691 F. Supp. 17 (W.D. Mich. 1988) ....................13, 14

*Robicheaux v. Caldwell*,
791 F.3d 616 (5th Cir. 2015) ....................12

*Stewart v. Heineman*,
2015 WL 10373602 (D. Neb. Sept. 15, 2015) ....................12

*Sunset Novelties of Hinesville, LLC v. City of Hinesville*,
2010 WL 11613514 (S.D. Ga. Apr. 22, 2010)....................12

*United States v. Mendoza*,
464 U.S. 154 (1984)....................18, 19

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
No. 20-MD-2924, Doc. 6444 (S.D. Fla. Mar. 31, 2023) ........................................................17

# INTRODUCTION

This case presents a straightforward question: whether the State of Alabama[1] is permitted to execute the Consolidated Plaintiffs pursuant to a nitrogen hypoxia protocol (the "Protocol") that this Court has already held, on its face, violates the Eighth Amendment to the United States Constitution. The answer is no.

After a three-day bench trial on the facial challenge to the Protocol brought in the "bellwether" case, *Lee v. Lovelace*, this Court found that an inmate executed under the Protocol would consciously experience one to three minutes of severe air hunger and associated distress. 2026 WL 1493098, at *24–25 (M.D. Ala. May 28, 2026) ("*Lee I*"). The Eleventh Circuit held that those factual findings compel only one legal conclusion: the Protocol "presents a 'substantial risk of serious harm'—severe pain over and above death itself." *Lee v. Comm'r, Ala. Dep't of Corr.*, 2026 WL 1651147, at *2 (11th Cir. June 8, 2026) ("*Lee II*"). Because this Court had not issued findings on the proposed alternative method of execution, the Eleventh Circuit remanded for additional findings. On remand, this Court found that execution by firing squad is a feasible alternative method, which is both readily implemented and significantly reduces the risk of harm. *Lee v. Lovelace*, 2026 WL 1664095 (M.D.

[1] Defendants are Greg Lovelace, Commissioner of the Alabama Department of Corrections ("ADOC"), and Terry Raybon, Warden of William C. Holman Correctional Facility. Because Defendants are State officials sued in their official capacity, this Motion refers to them as "the State."

Ala. June 9, 2026) ("*Lee III*"). On that basis, this Court entered a judgment declaring that the Protocol violates the Eighth Amendment and permanently enjoining the State of Alabama from executing the plaintiff, Mr. Jeffery Lee, using the Protocol. Notably, none of the Court's findings depended on facts unique to Mr. Lee.

Since the decision in *Lee III*, nothing has changed. The State sought emergency relief with this Court, the Eleventh Circuit, and the U.S. Supreme Court to vacate the permanent injunction, all of which were denied. The State then dismissed its appeal in the Eleventh Circuit, meaning that the permanent injunction and declaratory relief became final. Since then, the State has not revised the Protocol. Nor has it identified any new evidence undermining this Court's factual findings from its decisions in *Lee*. Nonetheless, the State has represented to the Consolidated Plaintiffs that it intends to proceed with executions for each of them by nitrogen hypoxia using the ***same Protocol*** that this Court found unconstitutional.

On this record, there is no genuine dispute requiring further trials over the same Protocol. The Consolidated Plaintiffs are entitled to summary judgment on their facial Eighth Amendment claims and to a permanent injunction preventing the State from using it to execute them. Independently sufficient grounds compel this result. ***First***, the Eleventh Circuit's and this Court's holdings in *Lee* resolve, without genuine factual dispute, that the Protocol violates the Eighth Amendment. ***Second***, judicial economy counsels against requiring this Court to relitigate settled questions

and waste resources to arrive at the same result. ***Third***, the State is collaterally estopped from relitigating the very issues it already lost in *Lee*. At a minimum, if the Court does not grant summary judgment upon this motion, the State should be required to show cause why the *Lee* judgment should not bind it here as well.

## PROCEDURAL HISTORY

Each of the Consolidated Plaintiffs has brought a facial challenge[2] to the State of Alabama's nitrogen hypoxia Protocol as violating the Eighth Amendment to the U.S. Constitution.[3] The Consolidated Plaintiffs' cases were initially consolidated with Mr. Lee's case for purposes of case management and discovery. *Lee I*, 2026 WL 1493098, at *4. On January 29, 2026, the Court deconsolidated Mr. Lee's case and set it on a separate, expedited schedule after the State indicated it would seek Mr. Lee's execution date. *Id.*

---

[2] Plaintiffs Wilson and Jenkins have also brought as-applied challenges to the Protocol, and Plaintiff Wilson has brought international law challenges as well—this Motion does not address those claims.

[3] *See Wilson v. Lovelace*, No. 2:24-cv-00111-ECM, Doc. 35 at 30 (Mr. Wilson's "Count 1"); *id.*, Doc. 136 at 18 (Mr. Van Pelt's "First Cause of Action"); *id.*, Doc. 135 at 18 (Mr. Belisle's "First Cause of Action"); *id.*, Doc. 137 at 18 (Mr. Brooks's "First Cause of Action"); *id.*, Doc. 127 at 42 (Mr. Taylor's "Claim One"); *George v. Lovelace*, No. 2:25-cv-00675-ECM, Doc. 37 at 18 (Mr. George's "First Cause of Action"); *Jenkins v. Lovelace*, No. 2:25-cv-00676-ECM, Doc. 1 at 25 (Mr. Jenkins's "First Claim for Relief"); *Williams v. Lovelace*, No. 2:25-cv-00677-ECM, Doc. 1 at 18 (Mr. Williams's "First Cause of Action").

The *Lee* case then proceeded through extensive fact and expert discovery, including an inspection of the execution chamber in Holman Correctional Facility with the Court present. The case culminated in a three-day bench trial concerning the effects of the Protocol. The evidence presented at trial did not turn on circumstances unique to Mr. Lee; rather, the evidence addressed the physiological effects of execution under the Protocol and whether the State had a feasible, readily implemented alternative that would significantly reduce the serious harm associated with that Protocol. *Lee I*, 2026 WL 1493098, at *4–25. The State had a full and fair opportunity to present its evidence on the pain and suffering (or lack thereof) experienced by inmates executed under the Protocol and the feasibility (or lack thereof) of implementing a firing squad protocol.

On May 28, 2026, this Court found that an inmate executed under the Protocol would consciously experience severe air hunger and distress for approximately one to three minutes (and possibly longer). *Lee I*, 2026 WL 1493098, at *24–25. The Court, however, concluded that this suffering did not establish an Eighth Amendment violation. *Id.* Mr. Lee timely appealed, and on June 8, 2026, the Eleventh Circuit reversed. *Lee II*, 2026 WL 1651147, at *8. It held that, based on this Court's factual findings, the Protocol "presents a 'substantial risk of serious harm'—severe pain over and above death itself." *Id.* But because this Court had not

made factual findings related to Mr. Lee's proposed alternative of execution by firing squad, the Eleventh Circuit remanded the case for further findings. *Id*.

On remand, this Court found that firing squad is "feasible, readily implemented, and significantly reduces the substantial risk of serious harm posed by the Protocol." *Lee III*, 2026 WL 1664095, at *10. Under the firing squad protocol proposed in *Lee*, the condemned person "is rendered unconscious before his brain can process any pain," and the protocol therefore "produces a quick and painless death." *Id.* The Court therefore issued a declaratory judgment "that the Alabama Department of Corrections' nitrogen hypoxia execution Protocol violates the Eighth Amendment to the United States Constitution," and permanently enjoined the State from executing Mr. Lee under it. *Id.* at *11; *Lee v. Lovelace*, No. 2:25-cv-00680, Doc. 188, at 1.

The State appealed and sought emergency relief that would permit it to proceed with Mr. Lee's nitrogen hypoxia execution. On June 10, 2026, this Court and the Eleventh Circuit denied that request. In doing so, this Court explained that it had "carefully considered [the arguments that the State made previously] and the entire record but ultimately concluded . . . that Lee met his burden to establish that the Protocol violates the Eighth Amendment." *Lee v. Lovelace*, 2026 WL 1678986, at *1 (M.D. Ala. June 10, 2026) ("*Lee IV*"). Similarly, the Eleventh Circuit explained that it previously found a substantial risk of serious harm associated with the

Protocol and further concluded that this Court's firing-squad findings on remand were "amply supported by the evidence." *Lee v. Comm'r, Ala. Dep't of Corr.*, 2026 WL 1741802, at *5 (11th Cir. June 10, 2026) ("*Lee V*"). The court further concluded that the State had ***not*** shown a substantial likelihood of success in challenging those findings. *Id.*

In denying Mr. Lee's post-judgment motion to amend the scope of relief, the Court again reaffirmed the judgment in *Lee*, stating that Mr. Lee "successfully established that the ADOC's nitrogen hypoxia protocol is facially unconstitutional" and reiterating that firing squad is "feasible and readily implemented notwithstanding" the time necessary for implementation. *Lee v. Lovelace*, 2026 WL 2111728, at *5 & n.9 (M.D. Ala. July 22, 2026) ("*Lee VI*").

Notwithstanding this Court's repeated conclusion that the Protocol, on its face, violates the Eighth Amendment, the State has represented that it intends to execute the Consolidated Plaintiffs using the ***same Protocol***. During a June 22, 2026 meet-and-confer, the State, through counsel, stated its position that the Protocol has been held unconstitutional only as to Mr. Lee, not as to the Consolidated Plaintiffs. *See* Ex. 9 (P. Kenny email to J. Lerer, June 23, 2026). Counsel also represented during that meeting that the ADOC did not intend to revise, nor had it revised, the Protocol since the *Lee* decision. Ex. A (Diamant Decl.), ¶¶ 10–12, Ex. 9.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The Consolidated Plaintiffs submit the following undisputed material facts in support of their motion for summary judgment with respect to their facial challenges to the State of Alabama's nitrogen hypoxia protocol under the Eighth Amendment to the U.S. Constitution:

1. The Consolidated Plaintiffs are Alabama death-row inmates. In 2018, each of them timely elected to be executed by nitrogen hypoxia while expressly reserving their rights to challenge any nitrogen hypoxia protocol that the State might later adopt. Ex. 1 (Consolidated Plaintiffs' Hypoxia Election Forms).

2. In August 2023, the ADOC released in redacted form its Protocol for execution by nitrogen hypoxia. Ex. 2; *see* Ex. 4 (*Lee I*, 2026 WL 1493098, at *2 n.6).

3. Each of the Consolidated Plaintiffs challenges the Protocol on its face under the Eighth Amendment. *See supra* note 2.

4. The Protocol challenged by the Consolidated Plaintiffs is the same Protocol that Mr. Lee challenged on its face under the Eighth Amendment. Ex. 3 (*Lee v. Lovelace*, No. 2:25-cv-00680-ECM, Doc. 40 at 18 (M.D. Ala. Feb. 2, 2026) (Mr. Lee's "First Cause of Action")).

5. The Consolidated Plaintiffs' cases were previously consolidated with Mr. Lee's case for purposes of case management and discovery. Ex. 4 (*Lee I*, 2026

WL 1493098, at *4). On January 29, 2026, the Court deconsolidated Mr. Lee's case and set it on a separate, expedited schedule after the State indicated it would seek Mr. Lee's execution date. *Id.*

6. On May 28, 2026, following extensive fact and expert discovery and a three-day trial on the merits in *Lee*, this Court found that "[a]n inmate who is executed under the Protocol" consciously "experiences severe air hunger and corresponding emotional distress, anxiety, physiological stress, and physical discomfort" for approximately "one to three minutes." Ex. 4 (*Lee I*, 2026 WL 1493098, at *25).

7. The Court initially held in its May 28, 2026 order that there was no violation of the Eighth Amendment. *Id.*

8. On June 8, 2026, the Eleventh Circuit Court of Appeals held that "given the district court's factual findings—which are not clearly erroneous—Mr. Lee has shown that the protocol 'presents a substantial risk of serious harm—severe pain over and above death itself,'' reversed this Court's judgment on that basis, and remanded for consideration of the firing squad alternative proposed by Mr. Lee. Ex. 5 (*Lee II*, 2026 WL 1651147, at *2).

9. On remand, on June 9, 2026, this Court found an Eighth Amendment violation. Specifically:

> Consistent with the Eleventh Circuit's opinion, Lee has shown by a preponderance of the evidence that the Protocol "presents a 'substantial

> risk of serious harm'—severe pain over and above death itself." *Lee*, 2026 WL 1651147, at *2 (quoting *Nance*, 597 U.S. at 164). Additionally, Lee has shown by a preponderance of the evidence that his proposed firing squad alternative is feasible, readily implemented, and significantly reduces the substantial risk of serious harm posed by the Protocol. The State has failed to articulate a legitimate penological reason for refusing to adopt Lee's proposed alternative. Therefore, Lee has shown by a preponderance of the evidence that the Protocol constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Ex. 6 (*Lee III*, 2026 WL 1664095, at *10).

10. Accordingly, this Court declared that "[t]he ADOC's nitrogen hypoxia execution protocol violates the Eighth Amendment" and permanently enjoined the State of Alabama from executing Mr. Lee using the Protocol. *Id.* at *11.

11. On June 15, 2026, the parties stipulated to dismiss the State's appeal with prejudice. *See* Ex. 7 (Stip. of Dismissal, *Lee v. Comm'r, Ala. Dep't of Corr.*, No. 26-12027, Doc. 19 (11th Cir. June 15, 2026)). On June 23, 2026, the Eleventh Circuit granted the stipulation and dismissed the appeal. *See* Ex. 8 (Order, *Lee v. Comm'r, Ala. Dep't of Corr.*, No. 26-12027, Doc. 20 (11th Cir. June 23, 2026)).

12. On June 22, 2026 and June 23, 2026, the State represented that it intends to proceed with executions by nitrogen hypoxia, using the current Protocol, for each of the Consolidated Plaintiffs. *See* Ex. A (Diamant Decl.) ¶¶ 10–12, Ex. 9.

13. Since *Lee III*, the State has not revised the Protocol and has confirmed that it does not intend to amend the protocol in any way. *See* Ex. A (Diamant Decl.), ¶¶ 10–12, Ex. 9–10.

## STANDARD OF REVIEW

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Duck v. PNC Bank*, 2026 WL 2085707, at *3 (M.D. Ala. July 20, 2026) (citing Fed. R. Civ. P. 56(a)). A factual dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the court must "view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party." *Id.* at 255; *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). Still, the nonmoving party "must come forward with more than a 'metaphysical doubt' as to the material facts"; "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted).

## ARGUMENT

### I. The Undisputed Record Establishes the Consolidated Plaintiffs' Eighth Amendment Claims

A plaintiff challenging a method of execution under the Eighth Amendment bears two burdens. ***First***, a plaintiff must show that the challenged method presents a substantial risk of serious harm. *See Glossip v. Gross*, 576 U.S. 863, 877–78 (2015); *Baze v. Rees*, 553 U.S. 35, 49 (2008). ***Second***, the plaintiff must show that

"a feasible and readily implemented alternative method of execution [exists] that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt [the proposed alternative] without a legitimate penological reason." *Bucklew v. Precythe*, 587 U.S. 119, 134 (2019); *Glossip*, 576 U.S. at 877–78.

There is no genuine dispute of material fact as to either requirement. The Consolidated Plaintiffs challenge the ***same*** nitrogen hypoxia Protocol litigated in *Lee*. SUMF Nos. 3–4. The State has not revised the Protocol since *Lee*, SUMF No. 13, and the facts relevant to both *Glossip* prongs concern the operation of that Protocol and the State's ability to implement a less harmful alternative—not circumstances unique to Mr. Lee. SUMF Nos. 8–9. The *Lee* proceedings therefore leave no basis for a different result here.

### A. The Unchanged Protocol Presents a Substantial Risk of Serious Harm.

After a three-day bench trial, this Court found that "[a]n inmate who is executed under the Protocol experiences severe air hunger and corresponding emotional distress, anxiety, physiological stress, and physical discomfort" and "consciously experiences air hunger and associated distress for not significantly more than one to three minutes." SUMF No. 6; Ex. 4 (*Lee I*, 2026 WL 1493098, at *25). Those findings described the effects of the Protocol on an inmate subjected to it; they did not depend on any facts unique to Mr. Lee. *Id.* (*Lee I*, 2026 WL 1493098, at *25).

The Eleventh Circuit held, based on this Court's factual findings, that the Protocol satisfies the first prong of *Glossip*: it "presents a 'substantial risk of serious harm'—severe pain over and above death itself." SUMF No. 8; Ex. 5 (*Lee II*, 2026 WL 1651147, at *2). The panel credited this Court's findings regarding flash pulmonary edema, the inability to mitigate air hunger in an execution setting, and the activation of survival instincts, finding no clear error. *Id.* (*Lee II*, 2026 WL 1651147, at *3–4). The Eleventh Circuit then concluded that one to three minutes of severe air hunger, emotional distress, anxiety, physiological stress, and physical discomfort creates a substantial risk of serious harm, and therefore satisfies the first *Glossip* requirement. *Id.* (*Lee II*, 2026 WL 1651147, at *7).[4] Thereafter, both the Eleventh Circuit and this Court reaffirmed that conclusion. *Lee V*, 2026 WL 1741802, at *5; *Lee VI*, 2026 WL 2111728, at *5 & n.9. The State has sought neither reconsideration nor an *en banc* rehearing of these decisions; to the contrary, the State stipulated to the dismissal of its appeal in *Lee*. SUMF No. 11; Ex. 7 (Stip. of

[4] Facial challenges "seek[] to invalidate a statute or regulation itself." *Moms for Liberty-Brevard Cnty. v. Brevard Pub. Sch.*, 118 F.4th 1324, 1333 (11th Cir. 2024). In analogous contexts, when a higher court has issued a pronouncement as to a policy's facial unconstitutionality, district courts have acted swiftly to incorporate that pronouncement into their own proceedings. *See, e.g.*, *Sunset Novelties of Hinesville, LLC v. City of Hinesville*, 2010 WL 11613514, at *3 (S.D. Ga. Apr. 22, 2010) (granting preliminary injunction based on Eleventh Circuit's prior finding of facial unconstitutionality); *Robicheaux v. Caldwell*, 791 F.3d 616, 618–19 (5th Cir. 2015) (reversing summary judgment in light of Supreme Court's intervening decision); *Stewart v. Heineman*, 2015 WL 10373602 (D. Neb. Sept. 15, 2015) (granting summary judgment based on intervening constitutional holding).

Dismissal, *Lee v. Comm'r, Ala. Dep't of Corr.*, No. 26-12027, Doc. 19 (11th Cir. June 15, 2026)).

The Protocol that the Consolidated Plaintiffs challenge is the exact same Protocol litigated in *Lee* (SUMF Nos. 3-4), and that the Eleventh Circuit concluded violated the first prong of *Glossip*. SUMF No. 8; Ex. 5 (*Lee II*, 2026 WL 1651147, at *2). Nothing has changed since the *Lee* decision to alter that result. The permanent injunction remains, and the State has not revised the Protocol. SUMF No. 13; Ex. A (Diamant Decl.), ¶¶ 10–12. Because the constitutional defect identified in *Lee* is with the Protocol itself—and not based on any facts specific to Mr. Lee—the State cannot create a genuine factual dispute simply because other plaintiffs are now challenging the Protocol. This Court's and the Eleventh Circuit's factual and legal conclusions apply with equal force to the Consolidated Plaintiffs' challenges.

Indeed, federal courts have granted summary judgment in analogous cases where a prior decision has already resolved the constitutional question at issue. In *Gregory Construction Co. v. Blanchard*, the court granted summary judgment to plaintiffs—who sought declaratory and injunctive relief related to an allegedly unconstitutional statute—where the Sixth Circuit had already held the challenged statute unconstitutional in a prior case. 691 F. Supp. 17, 20–21 (W.D. Mich. 1988). The court reasoned that the prior ruling "compels the Court to grant the requested declaratory and injunctive relief" under stare decisis and collateral estoppel. *Id.* at

21. Similarly, in *Marie v. Mosier* the court granted summary judgment in favor of plaintiffs on their claim for declaratory relief that a Kansas statute barring gay marriage was unconstitutional, where the Supreme Court's intervening decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015), resolved the identical constitutional question and "[t]he parties do not dispute any issues of fact that are material to the substantive merits" of the case. 122 F. Supp. 3d 1085, 1112–13 (D. Kan. 2015).

### B. The Undisputed Evidence Establishes a Feasible, Readily Implemented Alternative That Significantly Reduces the Protocol's Risk of Harm.

The record likewise establishes the existence of an alternative satisfying *Glossip*'s second prong. On remand in *Lee*, this Court found "that firing squad is feasible, readily implemented, and significantly reduces the substantial risk of serious harm posed by the Protocol, and that the State failed to proffer a legitimate penological reason not to adopt it." SUMF No. 9; Ex. 6 (*Lee III*, 2026 WL 1664095, at *1). The State was given a full and fair opportunity to present its own case rebutting this conclusion, and this Court specifically found that "several ADOC employees testified that the ADOC *could* carry out a firing squad execution," *id.* at 5 (emphasis in original), that Mr. Lee's expert witness offered "credible, persuasive evidence that an inmate executed by Lee's proposed firing squad protocol would experience no pain," *id.* at 7, and that the State failed to offer a valid penological reason for refusing to adopt this proposed alternative, *id.* at *10.

In denying the State's motion to stay the injunction, this Court explained that it had "carefully considered" the State's arguments and the "entire record." *Lee IV,* 2026 WL 1678986, at *1. The Eleventh Circuit similarly rejected the State's efforts to stay the injunction, concluding that this Court's findings were "amply supported by the evidence." *Lee V*, 2026 WL 1741802, at *5. And in evaluating Mr. Lee's post-judgment motion to amend, this Court reaffirmed that Mr. Lee had "successfully established that the ADOC's nitrogen hypoxia protocol is facially unconstitutional" and that firing squad remains "feasible and readily implemented." *Lee VI*, 2026 WL 2111728, at *5 & n.9.

None of the Court's factual findings in *Lee* was inmate-specific. Whether the State can obtain rifles and ammunition, modify space at Holman, train personnel, and carry out a firing-squad execution does not depend on which condemned inmate is scheduled to be executed. Those findings apply with equal force to the Consolidated Plaintiffs.

### C. Relitigation of These Issues Would Be Contrary to Principles of Judicial Economy.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). In these cases, granting summary judgment for the Consolidated Plaintiffs on their facial Eighth Amendment

challenges based on the prior findings and conclusions of *Lee* promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," and honors "the general principle [of] avoid[ing] duplicative litigation." *Georgia ex rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

The Court has already expended considerable judicial resources in deciding that, on its face, the current Protocol violates the Eighth Amendment. *See Lee v. Lovelace*, 2026 WL 2111728, at *5 ("To be sure, Lee successfully established that the ADOC's nitrogen hypoxia protocol is facially unconstitutional[.]"). There have been no developments since *Lee* that can support a different result: the State has not executed anyone else using the Protocol; it has not announced any actual or intended changes to the Protocol; and it has not explained why the firing squad would not be readily available as the Court previously concluded (nor could it). SUMF No. 13; Ex. A (Diamant Decl.), ¶¶ 10–12, Ex. 9–10. On the other hand, proceeding with another bench trial (or even multiple bench trials for each of the Consolidated Cases) would impose significant and unnecessary burden on both the Court and the parties.

Because this Court has already "carefully considered" the evidence in support and against the Consolidated Plaintiffs' facial Eighth Amendment challenges and has already made a determination that the Protocol facially violates the Eighth

Amendment, judicial efficiency counsels against further trials on this claim. At a minimum, the State should be required to show cause—supported by admissible evidence—as to why judgment should not be entered against it. *See, e.g.*, *Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-01209-RDP, Doc. 493 (N.D. Ala. Dec. 3, 2024) (entering order to show cause directing parties to explain why the court's previous decisions on an applicable standard of review should not apply with equal force to the instant claims); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, Doc. 6444 (S.D. Fla. Mar. 31, 2023) (same).

## II. The State Is Collaterally Estopped from Relitigating the Issues Resolved in *Lee*

The State is collaterally estopped from relitigating the core constitutional issues on which it lost. *See Burton v. Smoot (In re Smoot)*, 2026 WL 2037524, at *2 (N.D. Ga. July 14, 2026). A party is collaterally estopped from litigating a previously decided issue if: "(1) the issue at stake [is] identical to the one involved in the prior litigation; (2) the issue [was] actually litigated in the prior suit; (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted [ ] had a full and fair opportunity to litigate the issue in the earlier proceeding." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989).

Those elements are satisfied here. ***First***, the issues are identical. The Consolidated Plaintiffs raise the same facial Eighth Amendment challenge as Mr.

Lee to the same nitrogen hypoxia Protocol. *See* SUMF Nos. 3–4. ***Second***, these identical issues were actually litigated in *Lee*—in a trial, on appeal, and on remand. ***Third***, the issues the State wishes to relitigate here were critical and necessary to the judgment in *Lee*. This Court's findings on the Protocol's risk of serious harm and the feasibility of firing squad were the essential predicates for the declaratory judgment and permanent injunction entered in *Lee*. *Compare Lee I*, 2026 WL 1493098, at *3–10; *with Lee v. Lovelace*, No. 2:25-cv-00680, Doc. 188, at 1. Without resolving those issues, the Court could not have entered judgment in Mr. Lee's favor. ***Fourth***, the State had a full and fair opportunity to litigate these issues, and was not prevented in any way from putting on its defense case. The State was given the opportunity to engage in full discovery, it prepared and examined expert witnesses, and it litigated its defenses to Mr. Lee's claims at a three-day bench trial.

The Consolidated Plaintiffs acknowledge that the Eleventh Circuit has extended the Supreme Court's holding in *United States v. Mendoza*, 464 U.S. 154 (1984), to restrict nonmutual collateral estoppel against state agencies. *See Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*, 768 F.2d 1558, 1579 (11th Cir. 1985); *Demaree v. Fulton Cnty. Sch. Dist.*, 515 F. App'x 859, 863 (11th Cir. 2013). But the concerns animating that rule have little force here. *Mendoza* was concerned that binding the government to the first adverse judgment on an important question of law would "substantially thwart the development of important questions

of law by freezing the first final decision rendered on a particular legal issue" and force the government to appeal every adverse decision. 464 U.S. at 160–61.

The court in *Hercules Carriers* was persuaded to extend *Mendoza* to state agencies in large part because that case "involve[d] two *wholly separate state agencies with different interests and functions*." *Hercules Carriers*, 768 F.2d at 1580. No such issue is presented here, where the ADOC is the defendant agency in both *Lee* and these consolidated cases. Moreover, the defendant agency in *Hercules Carriers* lacked "a full and fair opportunity to litigate the issue to be estopped" because "the issues before the administrative agency and the district court were substantively distinct." *Id.* Here, the same agency (the ADOC) had a full and fair opportunity in *Lee* to litigate the issue of whether the Protocol violates the Eighth Amendment. No injustice would be done to that agency by estopping it from relitigating the same issue.

After *Lee,* there is no evolving factual record to develop: the State proposes to use the same Protocol that this Court found unconstitutional. Nor was *Lee* an isolated judgment the State declined to litigate fully. *Lee* was the first merits trial (as opposed to preliminary injunction hearing) addressing the constitutionality of the Protocol. This Court explained that the case was a "bellwether" and repeatedly explained that it needed a full and complete record to decide the issues. *Lee v. Lovelace*, No. 2:25-cv-00680-ECM (Pretrial Conf. Tr.) (M.D. Ala. Apr. 23, 2026).

Not surprisingly, then, the State made every effort to litigate the case—through extensive discovery, a three-day merits trial, appeal, remand, and finally emergency review of the permanent injunction in three courts.

In similar circumstances, other courts have declined to extend *Mendoza*'s holding to state governments. *See, e.g.*, *Benjamin v. Coughlin*, 905 F.2d 571, 576 (2d Cir. 1990) (distinguishing *Mendoza* and permitting use of nonmutual collateral estoppel against a state agency which had already litigated and lost the same issue in state court); *Jones v. Cannizzarro*, 2019 WL 2289470 (E.D. La. May 28, 2019) (declining to extend *Mendoza* to states). Put simply, the State has had its day in court, and there is no compelling reason to permit further relitigation of these settled issues.

## CONCLUSION

For the foregoing reasons, the Consolidated Plaintiffs respectfully request that the Court:

(1) Grant their motion for summary judgment as to Mr. Wilson's "Count 1," Mr. Van Pelt's "First Cause of Action," Mr. Belisle's "First Cause of Action," Mr. Brooks's "First Cause of Action," Mr. Taylor's "Claim One," Mr. George's "First Cause of Action," Mr. Jenkins's "First Claim for Relief," and Mr. Williams's "First Cause of Action";

(2) Enter a declaratory judgment that the Alabama Department of Corrections' nitrogen hypoxia execution Protocol violates the Eighth Amendment to the U.S. Constitution;

(3) Permanently enjoin the State from executing any of the Consolidated Plaintiffs using the Protocol; and

(4) Award attorneys' fees and costs as to be set forth in a separate motion.

In the alternative, the Consolidated Plaintiffs respectfully request that the Court order the State to show cause why the *Lee* judgment should not apply with equal and full force to the Consolidated Plaintiffs.

Dated: August 25, 2026

Respectfully submitted,

*<u>/s/ Samuel R. Diamant</u>*

J. Andrew Pratt (ASB-3507-J)
Joshua Toll (pro hac vice)
Kathryn Lehman (pro hac vice)
Samuel R. Diamant (pro hac vice)

**King & Spalding LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
(404) 572-4600
apratt@kslaw.com
jtoll@kslaw.com
klehman@kslaw.com
sdiamant@kslaw.com

*Attorneys for Plaintiff Mark Jenkins*

*<u>/s/ David K. Kessler</u>*

David K. Kessler (pro hac vice)
Justin D. Lerer (pro hac vice)
Kyle T. Sieber (pro hac vice)

**Paul, Weiss, Rifkind, Wharton &**

**Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
dkessler@paulweiss.com
jlerer@paulweiss.com
ksieber@paulweiss.com

Andrew J. Ehrlich (pro hac vice)

**Brief Ehrlich, P.C.**
355 Riverside Drive, 5W
New York, NY 10025
(917) 405-7928
ajehrlich@gmail.com

*Attorneys for Plaintiff Jarrod Taylor*

*/s/ Bernard E. Harcourt*

Bernard E. Harcourt (ASB-4316-A31B)

**Columbia Law School**
435 West 116th Street
New York, New York 10027
Telephone: (212) 854-1997
Fax: (212) 854-7946
Email: beh2139@columbia.edu

*Attorney for Plaintiff David Wilson*

*/s/ Paige H. Sharpe*

Angelique A. Ciliberti (ASB: 1504T44C)
Paige H. Sharpe (pro hac vice)
Anna K. Thompson (pro hac vice)
Kevin A. Cline (pro hac vice)

**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
angelique.ciliberti@arnoldporter.com
paige.sharpe@arnoldporter.com
anna.thompson@arnoldporter.com
kevin.cline@arnoldporter.com

*Attorneys for Plaintiffs Kim Van Pelt, Rick Belisle, Jimmy Brooks, Jr., Larry George, and Marcus Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Samuel R. Diamant*
Samuel R. Diamant