IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-111-ECM |
| | ) | |
| JOHN Q. HAMM, Commissioner, | ) | *DEATH PENALTY CASE* |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

# PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

BERNARD E. HARCOURT
Alabama Bar No. ASB-4316A31B

INITIATIVE FOR A JUST SOCIETY
Columbia Law School
Jerome Greene Hall, Suite 603
435 West 116th Street
New York, New York 10027
Telephone (212) 854-1997
E-mail: beh2139@columbia.edu

Dated: August 25, 2025

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Following this Court's order in *Lee v. Lovelace*, 2026 WL 1664095 (M.D. Ala. June 9, 2026) holding that the nitrogen gas protocol violates the Eight Amendment and that the firing squad method is a feasible, readily available alternative to the nitrogen gas protocol, Plaintiff respectfully submits this motion for leave to amend his complaint to reflect the fact that the second prong of the *Baze-Glossip* test has been satisfied. Plaintiff attaches to this motion a draft of his amended complaint, pursuant to the local rules of this Court. *See* Local Rule 15.1 (Form of Motion to Amend and Supporting Documents); Attachment (draft of amended complaint).

In support of the motion, Plaintiff states the following:

1. Mr. Wilson's original complaint was filed on February 15, 2024, immediately following the first ever execution of a human being by nitrogen gas asphyxiation in human history. Doc. 1. Plaintiff filed a first amended complaint on March 31, 2025, following this Court's denial of Defendant's motion to dismiss. Doc. 35.

2. On June 9, 2026, this Court held that the nitrogen gas protocol violates the Eight Amendment and that the firing squad method is a feasible, readily available alternative to the nitrogen gas protocol. This Court held that the second prong of the

*Baze-Glossip* test has been satisfied. *Lee v. Lovelace*, 2026 WL 1664095, at *2 (M.D. Ala. June 9, 2026).

3. Accordingly, Plaintiff moves to amend his complaint to reflect the fact that the firing squad has been found to be a feasible, readily available alternative to the nitrogen gas protocol, under the second prong of the *Baze-Glossip* test. Plaintiff has conferred with Defendant, who opposes this motion.

## Legal Argument

4. Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend pleadings with leave from the Court. Fed. R. Civ. P. 15(a). "The Rule reflects a 'liberal policy with respect to amendments.'" *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 624 (11th Cir. 2019).

5. Given this liberal policy in favor of amendment, district courts "should grant a motion to amend '[u]nless there [are] substantial reason[s] to deny' it." *Bowers v. U.S. Parole Com'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citing *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)).

6. The United States Supreme Court has identified only five acceptable reasons to deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 183 (1962). Those five reasons include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* Without a justifying reason for denial, the refusal to grant leave to amend is "inconsistent with the spirit of the Federal Rules." *Id*.

7. Mr. Wilson's motion to amend does not trigger any of the five reasons that the Supreme Court identified in *Foman*. Mr. Wilson is filing his motion for leave to amend in a timely manner. Mr. Wilson has not shown any bad faith or dilatory motive for his motion to amend. Mr. Wilson has not failed to cure deficiencies by amendments previously allowed. There is no reason why granting Plaintiff leave to amend would unduly prejudice Defendant, who has not yet answered the complaint. And this amendment would not be futile; to the contrary, it will enable the Court to give Mr. Wilson's case the full consideration appropriate to vindicate his constitutional rights. The amendment will ensure that Mr. Wilson has the opportunity to be meaningfully heard and to test "his claim[s] on the merits" in a situation where "the underlying facts or circumstances relied upon…may be a proper subject of relief." *Foman*, 371 U.S. at 182.

8. The Eleventh Circuit case law is in accord. As the Eleventh Circuit held in *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984), there is no bad faith or undue delay when a Plaintiff moves in a timely manner, as Mr. Wilson has, following the recent decision by this Court in *Lee v. Lovelace*, 2026 WL 1664095 (M.D. Ala. June 9, 2026).

9. In *Phillips v. Dekalb County Detention Officer*, the Eleventh Circuit reversed a District Court's denial of a detainee's opportunity to amend his complaint. The Court ruled that when a "chance to amend the complaint" may allow for a complaint that is "more carefully drafted" to "state a claim," the District Court must give the party a chance to amend his complaint. *Phillips v. Dekalb Cty. Detention*, 2022 WL 2134316 (11th Cir. 2022) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

10. In those rare cases where the Eleventh Circuit has upheld a denial of a Plaintiff's leave to amend, it was due to a flagrant violation of a *Foman* factor. For instance, in *Pelmer v. White*, the Eleventh Circuit affirmed a District Court's decision to deny Pelmer's motion to amend his federal habeas corpus complaint because it found that Pelmer had "filed his second Rule 15 motion extremely late." *Pelmer v. White*, 877 F.2d 1518, 1523 (11th Cir. 1989). Pelmer had waited until almost a year after the District Court had already ruled on the merits of his first amended complaint, and the Eleventh Circuit had already agreed to hear the case on appeal, before filing his motion for leave to amend his complaint for a second time. This clearly satisfied the undue delay factor endorsed by the Supreme Court in *Foman*.

11. No such factors are triggered in the instant case, where Mr. Wilson is seeking leave to amend his petition shortly after this Court's ruling in *Lee v. Lovelace*.

## Conclusion

12. Plaintiff David Wilson is seeking to amend his complaint in a timely manner. In the proposed Amended Complaint attached to this motion, Mr. Wilson has made the following amendment:

a. Plaintiff has added allegations concerning the firing squad as a feasible and readily available alternative under the *Baze-Glossip* standard.

13. The United States Supreme Court and the Eleventh Circuit endorse a liberal policy in favor of amendment, and Mr. Wilson's motion to amend does not trigger any of the five *Foman* factors that could justify a denial of leave to amend. This Court should grant leave to amend in this case because "justice so requires" and there is no "substantial reason" to deny Mr. Wilson's motion to amend. Fed. R. Civ. P. 15(a)(2); *Bowers,* 760 F.3d, at 1185.

Dated this 25th day of August 2026.

Respectfully submitted,

BERNARD E. HARCOURT
Alabama Bar No. ASB-4316A31B

INITIATIVE FOR A JUST SOCIETY
Columbia Law School
Jerome Greene Hall, Suite 603
435 West 116th Street
New York, New York 10027
Telephone (212) 854-1997
E-mail: beh2139@columbia.edu

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, the foregoing motion has been electronically filed with the Clerk of the Court and therefore a copy has been electronically served upon counsel for Respondent:

Office of the Attorney General
Attn: Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130

______________________________
Bernard E. Harcourt