IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| Alabama Nitrogen Hypoxia Protocol | ) | CASE NO. 2:24-cv-111-ECM |
| Litigation | ) | |

# O R D E R

Now pending before the Court are the Consolidated Plaintiffs' motion for summary judgment (doc. 155) and Plaintiff David Wilson's ("Wilson") motion for leave to amend his complaint (doc. 156). On September 2, 2026, the Court held a status conference during which it addressed the pending motions. At the status conference, the Consolidated Plaintiffs orally moved to stay the expert disclosure deadlines in the Court's Uniform Scheduling Orders ("USOs")[1] and the taking of depositions pending the Court's ruling on their motion for summary judgment, which the State opposes.

The Consolidated Plaintiffs' requested stay of the expert disclosure deadlines and taking of depositions is not well taken and is due to be denied. They have requested summary judgment based on this Court's ruling in *Lee v. Lovelace et al.*, 2:25cv680-ECM (M.D. Ala.) ("*Lee*"). The operative opinion and final judgment in Lee were entered on

[1] This consolidated action did not originally include Wilson's case and was originally consolidated with Case No. 2:25cv671-ECM as the lead case. On March 16, 2026, Wilson's case (2:24cv111-ECM) was added and became the lead case. (Doc. 103). Thereafter, this consolidated action was recaptioned "In Re: Alabama Nitrogen Hypoxia Protocol Litigation." (Doc. 109).

On January 15, 2026, before Wilson's case was part of the consolidated case, the Court entered a USO in Wilson's case setting deadlines for, among other things, expert witness disclosures and the completion of discovery. (Doc. 80). On February 9, 2026, the Court entered a substantially similar USO in Case No. 2:25cv671-ECM. (Doc. 47 in *Van Pelt v. Hamm et al.*, Case No. 2:25cv671-ECM (M.D. Ala.)). In both USOs, the Plaintiffs' expert disclosure deadline is September 15, 2026, the State's expert disclosure deadline is October 15, 2026, and a bench trial is set for June 28, 2027.

June 9, 2026. (*See* docs. 187, 188 in *Lee*). On June 15, 2026, the parties stipulated to the dismissal of the State's appeal in the Eleventh Circuit, and on June 23, 2026, the Eleventh Circuit dismissed the appeal. (Docs. 19, 20 in *Lee v. Comm'r, Ala. Dep't of Corr.*, No. 26-12027 (11th Cir.)). Additionally, the State represented to the Plaintiffs as early as June 22, 2026, that the State intends to carry out the Plaintiffs' executions by nitrogen hypoxia. (*See* doc. 155-1 at 14, para. 12; *see also* doc. 155-11). Yet the Consolidated Plaintiffs did not file their motion for summary judgment until August 25, 2026—over two months later. The Plaintiffs have not explained why they did not file their motion earlier.

Now, based on the timing of their filing and the parties' agreed upon briefing schedule, the motion for summary judgment will not be fully briefed until October 1, 2026, two weeks after the Plaintiffs' expert witness disclosure deadline has passed and only two weeks before the State's expert disclosure deadline. Yet the Plaintiffs seek to shift the repercussions of their delay to the Court: if the Court granted the Plaintiffs' requested stay, the Court would need to rule very quickly on the motion for summary judgment so that, in the event summary judgment is denied in whole or in part, the parties could still complete discovery in time to be ready for trial on June 28, 2027.[2] Had the Consolidated Plaintiffs filed their motion more promptly, the Court may have been able to resolve it before the expert disclosure deadlines passed, thereby avoiding this situation. Under the

[2] The Court does not suggest it would not entertain a reasonable request to extend certain USO deadlines for a sufficiently compelling reason. The parties are advised, however, that absent truly extraordinary and unforeseeable circumstances, the Court will not continue the June 28, 2027 trial setting.

circumstances, the Court declines to absorb the consequences of the Plaintiffs' untimeliness.

Accordingly, for the reasons stated herein and those stated at the status conference, and for good cause, it is

ORDERED as follows:

1. Wilson's motion for leave to amend (doc. 156) is DENIED without prejudice and with leave to refile a motion which addresses the Rule 16(b)(4) "good cause" standard and whose accompanying proposed amended complaint omits any claims that the Court previously dismissed.[3] Wilson shall refile his motion **on or before September 9, 2026**. The Court will enter an appropriate briefing schedule on the motion at that time;

2. The State shall respond to the Consolidated Plaintiffs' motion for summary judgment (doc. 155) **on or before September 17, 2026**;

3. The Consolidated Plaintiffs shall reply **on or before October 1, 2026**;

4. Should the Court determine oral argument on the motion for summary judgment is necessary, the Court will schedule oral argument by separate Order;

5. The Consolidated Plaintiffs' oral motion to stay certain discovery deadlines is DENIED.

---

[3] The Court previously dismissed the following claims from the first amended complaint: Count 3 and the aspects of Count 4 unrelated to the *jus cogens* norm of international law prohibiting torture. (Doc. 73).

DONE this 2nd day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE