IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br>ALABAMA NITROGEN HYPOXIA PROTOCOL LITIGATION | CASE NO. 2:24-cv-00111-ECM |
| THIS DOCUMENT RELATES TO<br><br>MARK JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>GREG LOVELACE, in his official capacity as Commissioner, Alabama Department of Corrections, and<br><br>TERRY RAYBON, in his official capacity as Warden, Holman Correctional Facility,<br><br>Defendants. | CASE NO. 2:25-cv-00676-ECM<br><br>CAPITAL CASE |

**PLAINTIFF MARK JENKINS'S MOTION FOR LEAVE**
**TO AMEND HIS COMPLAINT**

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 16(b) and 15(a), Plaintiff Mark Jenkins respectfully submits this motion for leave to amend his complaint in two ways: (1) to remove his as-applied Eighth Amendment and religious liberty challenges which Mr. Jenkins no longer intends to pursue after Mr. Jeffrey Lee's successful facial challenge to the Alabama Department of Correction's ("ADOC's") nitrogen hypoxia protocol (the "Protocol"); and (2) add further detail to his proposed modifications to the Protocol as one alternative under *Glossip*, based on recent discussions with medical experts who submitted reports in these consolidated actions on September 15, 2026. Defendants only oppose the second category.[1]

There is good cause to allow the amendments. Mr. Jenkins's amendments will focus his claims solely on the facial challenge to the Protocol as violating the Eighth Amendment's prohibition on cruel and unusual punishment. Relatedly, Mr. Jenkins's original complaint alleges two separate alternative methods of execution under *Glossip*: (1) the firing squad under either the Utah or South Carolina execution protocol; and (2) modifications to the existing Protocol to reduce superadded pain. As to the modifications only, Mr. Jenkins's proposed amendments include additional detail on the specific medications, dosages, and ordering of processes, based on

[1] Jenkins attaches a draft of his proposed amended complaint, pursuant to M.D. Ala. Civ. R. 15.1 (**Ex. A**) and a redline showing changes to his original complaint of August 22, 2025. (**Ex. B**)

further consultation with his expert witness Dr. Carly Zapata who timely provided her report on September 15, 2026 under the case schedule. Mr. Jenkins has not made any proposed amendments to his other alleged alternative, the firing squad.

These amendments are sought immediately following the disclosure of Dr. Zapata's opinions with sufficient time for Defendants to assess those opinions under the existing case schedule which provides for Defendants' expert reports on October 15, 2026 and the close of all discovery on December 14, 2026. Moreover, the proposed amendments comport with alternative methods already set forth by other plaintiffs in this case, such that allowing Mr. Jenkins to add them here will not in any way expand the scope of discovery or the issues in these consolidated cases.

## ARGUMENT

In support of this motion, Mr. Jenkins states the following:

1. Mr. Jenkins filed his original complaint on August 22, 2025, challenging the Protocol. *See Jenkins v. Hamm*, Civ. Action No. 2:25-cv-00676 (M.D. Ala.). Mr. Jenkins's complaint alleged, among other things, that the Protocol subjects condemned persons to a facially unconstitutional intolerable risk of superadded pain in violation of the Eighth Amendment, that ADOC's Protocol is unconstitutional as applied to Mr. Jenkins given his diagnosed PTSD and panic disorder, and included additional claims that the Protocol violates his religious

liberty rights under the First Amendment and RLUIPA.[2] Consistent with the requirement set forth in *Baze v. Rees*, 553 U.S. 35 (2008) and *Glossip v. Gross*, 576 U.S. 863 (2015), Mr. Jenkins identified two known and readily available alternatives to the Protocol—(1) amending the Protocol to cure its deficiencies or (2) implementing a separate firing squad protocol—which if implemented would significantly reduce the risk of unnecessary pain and suffering.

2. On January 15, 2026, Mr. Jenkins's case was consolidated with *Van Pelt v. Hamm*, Case Nos. 2:25-cv-671-ECM (M.D. Ala.), *Belisle v. Hamm*, 2:25-cv-673-ECM, *Brooks v. Hamm*, 2:25-cv-674-ECM, *Williams v. Hamm*, 2:25-cv-677-ECM, *Taylor v. Hamm*, 2:25-cv-678-ECM, and *Lee v. Hamm*, 2:25-cv-680-ECM for discovery and case management, with *Van Pelt v. Hamm* as the lead case. Case No. 2:25-cv-671-ECM, Doc. 36 (M.D. Ala. Jan. 15, 2026). This court entered a scheduling order in *Van Pelt* on February 9, 2026 setting September 15, 2026 as the deadline for Plaintiffs' expert witness disclosures. On March 16, 2026, Mr. Jenkins's

[2] Mr. Jenkins's original complaint named John Hamm as Commissioner of the Alabama Department of Corrections and Terry Raybon as Warden of Holman Correctional Facility as Defendants, along with John Does I–X. *Jenkins v. Hamm*, Case 2:25-cv-00676-ECM, Doc. 1 (M.D. Ala. Aug. 22, 2025). Following consolidation, the operative defendant is Greg Lovelace, Commissioner, Alabama Department of Corrections. Mr. Jenkins voluntarily dismissed his due process claim, (*id.*, Doc. 28 (M.D. Ala. Jan. 15, 2026)), and by his amendments seeks to dismiss all remaining claims except his facial Eighth Amendment challenge to the Protocol. *See* **Ex. A**.

case was consolidated into *In re Alabama Nitrogen Hypoxia Protocol Litigation*, Case No. 2:24-cv-00111-ECM. Doc. 103, under the same schedule.

3. Relevant to this motion, Jenkins's original complaint dated August 22, 2025 alleged specific modifications to the Protocol. After consulting with palliative care medical expert Dr. Carly Zapata, MD (who timely disclosed her expert opinions on September 15, 2026), Mr. Jenkins moves to amend those modifications to the Protocol to include specific drugs, dosages, and other details which together would work to reduce the prolonged and painful sensation of air hunger.

4. Under the law in this Circuit, Mr. Jenkins must satisfy the two-step standard as set forth in Federal Rules of Civil Procedure 16(b) and 15(a) because the scheduling order's deadline for amendment to the pleadings has passed. *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

***There is Good Cause for the Proposed Amendments Under Rule 16***

5. Rule 16(b) requires the movant to demonstrate "good cause" for the amendment. *Id.* at 1418. The good cause standard "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). Where the movant demonstrates diligence, courts in this District regularly grant leave to amend even after the scheduling order deadline. *See, e.g., Method Pharm., LLC v. H-2 Pharma, LLC*, 2023 WL 8483491, at *2 (M.D.

Ala. Dec. 7, 2023); *Carter v. Montgomery Hous. Auth.*, 2010 WL 934205, at *2 (M.D. Ala. Mar. 12, 2010); *Jones v. Sonic Auto., Inc.*, 2005 WL 8175544, at *1 (M.D. Ala. May 3, 2005).

6. The deadline for amended pleadings in this consolidated action was April 24, 2026. *See Van Pelt v. Hamm*, Case No. 2:25-cv-671-ECM, Doc. 80 § 4 (M.D. Ala. Feb. 9, 2026). Mr. Jenkins did not amend his complaint by this date because he had not consulted at that time with his medical experts who would later provide further detail on potential modifications to the Protocol in the expert disclosures due September 15, 2026.

7. After consulting with his medical experts in preparation for their September 15, 2026 reports, Mr. Jenkins promptly reached out to Defendants through counsel regarding the proposed amendments, and the parties met and conferred through counsel on September 14, 2026. Counsel for Mr. Jenkins sent his proposed amendments with a summary of the changes on September 15, concurrent with service of plaintiffs' expert reports, including Dr. Zapata's report.

8. The expert-informed factual detail regarding the proposed modifications to the Procol was timely disclosed in Dr. Zapata's report dated September 15, 2026. More specifically, Mr. Jenkins seeks leave to include proposed modifications to the Protocol requiring the administration of intravenous morphine (a commonly used opioid analgesic) and midazolam (a commonly used sedative)

among the proposed modifications to the Protocol. Consultation with plaintiffs' experts has confirmed that the administration of these drugs prior to or during the execution would further reduce the substantial risk of superadded pain.

9. This is not a new theory of Mr. Jenkins's case. It is a refinement of what Mr. Jenkins has already pleaded. The original complaint laid out the deficiencies in the Protocol and proposed specific modifications to address those deficiencies. The amendments merely add expert-informed factual specificity to these existing allegations, grounding them in the opinions of qualified professionals who have now been consulted and have provided their opinions through timely expert disclosures.

10. Mr. Jenkins has acted with diligence. Mr. Jenkins files this motion shortly after the expert disclosure deadline of September 15, 2026 and after conferring with counsel for the Defendants. This timeline reflects the promptness expected under *Sosa*. *See Method Pharm., 2023 WL 8483491*, at *2 (good cause shown where movant acted promptly upon learning of basis for amendment); *see also Hayes Healthcare Servs., LLC v. Meacham*, 331 F.R.D. 441, 443 (S.D. Fla. 2019) (good cause shown where proposed amendment was based on information unknown to plaintiff prior to amendment deadline).

11. Because Mr. Jenkins could not have amended his complaint to incorporate this particular expert-informed detail before the scheduling order deadline, and because he filed promptly after consulting with his experts, good cause

for granting leave to amend exists under Rule 16(b). *See Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004).

12. Moreover, there is no prejudice to Defendants in permitting Mr. Jenkins's proposed amendments. Defendants will have ample time to assess the alternatives and respond under the existing schedule. While Mr. Jenkins is under no burden to identify every possible detail of his proposed alternative methods under the *Glossip/Baze* test, all parties and this Court will benefit from the further detail that his proposed amendments are meant to provide.

***The Proposed Amendments Also Satisfy Federal Rule 15(a) Liberal Standard***

13. Having satisfied Rule 16(b)'s good cause requirement, Mr. Jenkins must next demonstrate that amendment is appropriate under Rule 15(a)'s liberal standard. Rule 15(a) reflects a "liberal policy with respect to amendments," and "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 624 (11th Cir. 2019); *Bowers v. U.S. Parole Com'n*, 760 F.3d 1177, 1185 (11th Cir. 2014).

14. None of the *Foman* factors weigh against amendment here. There is no undue delay, as Mr. Jenkins filed this motion shortly after the expert disclosure deadline of September 15, 2026. *See Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). Mr. Jenkins also has no bad faith or dilatory motive for his delay in moving to amend, as he only seeks to update allegations he has made from the inception of his case. The amendment is driven by a desire to present those allegations in their most complete form and with notice to all parties involved. Mr. Jenkins has not previously moved to amend his complaint in this case.

15. Defendants cannot credibly claim prejudice by the proposed amendments. Mr. Jenkins has, consistent with the requirements of *Glossip* and *Baze*, alleged modifications to the Protocol as an alternative method since the original complaint was filed on August 22, 2025. And as noted, Defendants will have ample opportunity to respond to the additional medical details alleged in the remaining discovery period, which does not close until December 14, 2026.

16. In addition, some of the other Consolidated Plaintiffs in this action have made similar amendments to their Complaints. *See* Doc Nos. 135 (Rick Belisle's FAC), 136 (Kim Van Pelt's FAC), 137 (Jimmy Brooks's FAC). The proposed amendments therefore do not expand the scope of discovery and are consistent with the existing claims. *See Phillips v. DeKalb Cty. Detention,* 2022 WL 2134316, at *2 (11th Cir. 2022).

17. Nor are Jenkins's proposed amendments futile. As noted above, the amendments add expert-informed detail and additional protocol modifications that will enable this Court to evaluate Mr. Jenkins's claims on the merits.

18. Because Mr. Jenkins satisfies both Rule 16(b) and Rule 15(a), this Court should grant leave to amend with respect to the proposed protocol modification amendments.

## CONCLUSION

For the foregoing reasons, Mr. Jenkins respectfully requests that this Court grant him leave to amend his complaint to:

(1) Remove the as-applied Eighth Amendment challenge and religious liberty claims which Mr. Jenkins no longer intends to pursue, and which Defendants agree may be removed; and

(2) Add expert-informed factual detail to the proposed modifications to the Protocol.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Joshua Toll*

J. Andrew Pratt (ASB-3507-J)
Joshua Toll (pro hac vice)
Samuel R. Diamant (pro hac vice)

**King & Spalding LLP**
1180 Peachtree Street, NE, Suite 1600

Atlanta, GA 30309
(404) 572-4600
apratt@kslaw.com
jtoll@kslaw.com

sdiamant@kslaw.com

*Attorneys for Plaintiff Mark Jenkins*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Joshua Toll*
Joshua Toll