**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| IN RE:<br>ALABAMA NITROGEN HYPOXIA<br>PROTOCOL LITIGATION | Case No. 2:24-cv-00111-ECM<br><br>**CAPITAL CASE** |

**PLAINTIFF JARROD TAYLOR'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

I. AMENDMENT TO ADD MORPHINE TO THE MODIFIED NITROGEN HYPOXIA ALTERNATIVE THAT MR. TAYLOR PLEADED .......... 4

A. Mr. Taylor Satisfies the Rule 16 Good Cause Requirement .......... 4

B. Mr. Taylor Satisfies the Rule 15 Requirement .......... 6

II. AMENDMENTS TO ADD ANTI-EMETIC TO THE MODIFIED NITROGEN HYPOXIA AND MAID ALTERNATIVES THAT MR. TAYLOR PLEADED .......... 8

A. Mr. Taylor Satisfies the Rule 16 Good Cause Requirement .......... 9

B. Mr. Taylor Satisfies the Rule 15 Requirement .......... 9

III. UNOPPOSED AMENDMENT TO THE MAID ALTERNATIVE THAT MR. TAYLOR PLEADED .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

*Bowers* v. *U.S. Parole Comm'n, Warden*,
760 F.3d 1177 (11th Cir. 2014) ....................6

*Espey* v. *Wainwright*,
734 F.2d 748 (11th Cir. 1984) ....................8

*Foman* v. *Davis*,
371 U.S. 178 (1962).................... *passim*

*Glossip* v. *Gross*,
576 U.S. 863 (2015)....................1

*Jones* v. *Sonic Automotive, Inc.*,
2005 WL 8175544 (M.D. Ala. May 3, 2005) ....................5

*Lee* v. *Lovelace*,
2026 WL 1664095 (M.D. Ala. June 9, 2026) ....................3

*Lee* v. *Lovelace*,
No. 2:25-cv-00680-ECM (M.D. Ala. July 17, 2026), ECF No. 206 ....................7

*Method Pharm., LLC* v. *H-2 Pharma, LLC*,
2023 WL 8483491 (M.D. Ala. Dec. 7, 2023)....................5, 9, 11

*Moore* v. *Sec'y, Fla. Dep't of Corr.*,
762 F. App'x 610 (11th Cir. 2019) ....................6

*Nobles* v. *Rural Cmty. Ins. Servs.*,
303 F. Supp. 2d 1279 (M.D. Ala. 2004) ....................5

*Pelmer* v. *White*,
877 F.2d 1518 (11th Cir. 1989) ....................8

*Romero* v. *Drummond Co.*,
552 F.3d 1303 (11th Cir. 2008) ....................5

*Sosa* v. *Airprint Sys., Inc.*,
133 F.3d 1417 (11th Cir. 1998) ....................4, 5, 6

*Taylor* v. *Hamm*,
No. 2:25-cv-00678-ECM (M.D. Ala. Aug. 22, 2025) ....................3

*Van Pelt* v. *Hamm*,
No. 25-cv-671-ECM (M.D. Ala. Feb. 8, 2026) ..........................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a) ........................................................................................... *passim*

Fed. R. Civ. P. 16(b) ........................................................................................... *passim*

## PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 16(b) and 15(a), Plaintiff Jarrod Taylor respectfully submits this motion for leave to amend his complaint in three narrow, discrete ways that are supported by good cause and will cause no prejudice to Defendants. Each of the three amendments, one of which is unopposed by Defendants, pertains to the requirement established in *Glossip* v. *Gross*, 576 U.S. 863, 878 (2015), that a plaintiff challenging the constitutionality of a method of execution allege a "known and available alternative method." Mr. Taylor has, in his currently operative First Amended Complaint ("FAC"), ECF No. 127, already pleaded three alternatives: a modified nitrogen hypoxia protocol, medical aid-in-dying ("MAID"), and the firing squad. He seeks now not to allege any new alternative methods, but simply to add limited additional allegations to two of his three already-alleged alternatives to align the pleading of those methods to the expert opinions propounded this week.[1]

More specifically: ***First***, Mr. Taylor pleaded, at paragraphs 144–56 of his FAC, a modified nitrogen hypoxia alternative involving the administration of midazolam prior to nitrogen gas. He now seeks to include in that alternative the administration of morphine, in addition to midazolam. SAC ¶¶ 151–52, 158. ***Second***, Mr. Taylor seeks to add to his modified nitrogen hypoxia and MAID alternatives the administration of an anti-emetic medication, which is warranted to prevent nausea and vomiting in connection with the use of hypoxia, morphine, or the MAID drug cocktail. SAC ¶¶ 144–45, 161–62. ***Third***, Mr. Taylor seeks to update the list of drugs used in the MAID alternative that he pleaded in Paragraphs 157–70 of the FAC to include the

---

[1] Mr. Taylor attaches to this motion a copy of his proposed Second Amended Complaint ("SAC"), as Exhibit A, and a copy of his original FAC, as Exhibit B, pursuant to Local Rule 15.1. As a courtesy to the Court and to Defendants' counsel, Mr. Taylor also attaches a document comparing the FAC and SAC, as Exhibit C.

DDMAPh lethal drug cocktail, which amendment Defendants do not oppose. SAC ¶¶ 167, 171, 173–74. These modifications will enable the safe administration of Mr. Taylor's already pleaded alternatives, which are now articulated with greater specificity to ensure they lower the substantial risk of superadded pain and psychological terror associated with ADOC's nitrogen hypoxia protocol, in accordance with the Eighth Amendment.

Each of these limited proposed amendments is supported by good cause pursuant to Rule 16. Over the course of recent weeks, Mr. Taylor has worked with his expert witnesses to refine and finalize their opinions. In doing so, Dr. Carly Zapata articulated the expert conclusion that, in order to reduce the unconstitutional suffering caused by ADOC's nitrogen hypoxia protocol, an opioid such as morphine is required in addition to the sedative, midazolam, already pleaded by Mr. Taylor. Dr. Zapata further determined that an anti-emetic would bolster the safe administration of both the modified nitrogen hypoxia alternative and the MAID alternative, as the drugs administered, and hypoxia itself, can cause individuals to vomit. Finally, Dr. Zapata clarified that the most commonly prescribed protocol for MAID by end-of-life care specialists is currently the DDMAPh cocktail. Once these expert opinions were reached and propounded, Mr. Taylor sought promptly to amend his pleading to add the additional detail and nuance to his FAC, in order to ensure the safe administration of his pleaded alternatives. Mr. Taylor promptly reached out to Defendants through counsel regarding the proposed amendments, and the parties met and conferred on September 14, 2026. Counsel for Mr. Taylor sent the text of his proposed amendments, along with a summary of the changes, to Defendants' counsel on September 15, 2026, concurrent with service of his expert reports.

Each of the proposed amendments also meets Rule 15's liberal standard that amendments shall be freely granted. Although Defendants made the conclusory statement in a

meet-and-confer that the first and second proposed amendments would cause them prejudice, they identified none—nor is there any. Expert discovery has just commenced, and Defendants' experts will have every opportunity to respond to Mr. Taylor's expert opinions and for any related discovery required by these narrow amendments (which is unlikely at best) to be completed before the discovery cutoff in December. And importantly, certain other plaintiffs in this consolidated litigation have already alleged the administration of morphine as part of a modified nitrogen hypoxia alternative and the use of anti-nausea medication as part of a modified nitrogen hypoxia alternative. As such, Defendants are certainly not prejudiced as to these allegations, since they would have had to respond to them anyway. If anything, the proposed amendments align Plaintiffs' proposed alternatives and assist in the streamlined presentation of evidence at trial, if a trial is necessary.

## ARGUMENT

Mr. Taylor's original Complaint was filed on August 22, 2025. *Taylor* v. *Hamm*, No. 2:25-cv-00678-ECM, (M.D. Ala. Aug. 22, 2025), ECF No. 1. Pursuant to Fed. R. Civ. P. 15(a), on May 1, 2026, Mr. Taylor filed his FAC, which alleged an additional alternative method of execution, namely, the firing squad. ECF No. 127.

On August 25, 2026, Mr. Taylor and the other consolidated Plaintiffs moved for summary judgment because this Court has already ruled on the dispositive issue in these actions—whether the nitrogen hypoxia protocol promulgated by the Alabama Department of Corrections ("ADOC") violates the Eighth Amendment of the United States Constitution. ECF No. 155; *see Lee* v. *Lovelace*, 2026 WL 1664095, at *10 (M.D. Ala. June 9, 2026) (ruling that "the [nitrogen hypoxia] Protocol 'presents a "substantial risk of serious harm"—severe pain over and above death itself'" and there exists an alternative—firing squad—that "is feasible, readily implemented, and significantly reduces the substantial risk of serious harm posed by the Protocol"). Were this Court

to grant Plaintiffs' Motion for Summary Judgment based on the firing squad alternative, then this Court would not need to consider the modified nitrogen hypoxia protocol or MAID alternatives that Mr. Taylor alleges as additional alternative methods that would support finding the nitrogen hypoxia protocol unconstitutional.

Nevertheless, Mr. Taylor seeks to amend his complaint at this time given that the summary judgment motion will not be fully briefed until October 1, 2026, and discovery has not been stayed in the interim. *See* ECF No. 161.

## I. AMENDMENT TO ADD MORPHINE TO THE MODIFIED NITROGEN HYPOXIA ALTERNATIVE THAT MR. TAYLOR PLEADED

Because the scheduling order deadline for amending pleadings has passed, Mr. Taylor moves to amend his complaint under the two-step standard set forth under Fed. R. Civ. P. 16(b) and 15(a) and Eleventh Circuit case law. Mr. Taylor has been diligent in seeking this amendment, which could not reasonably have been sought before the deadline set by the scheduling order and thus satisfies the "good cause" standard under Rule 16(b)(4); and he also satisfies the more liberal Rule 15(a) standard, which focuses on the interests of justice and the lack of prejudice to the Defendants. *Sosa* v. *Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) ("However, because [plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."); *Foman* v. *Davis*, 371 U.S. 178, 182 (1962).

### A. Mr. Taylor Satisfies the Rule 16 Good Cause Requirement

Rule 16(b) requires Mr. Taylor to demonstrate that he has been diligent, and therefore has "good cause" for requesting leave to amend his complaint after the scheduled deadline has passed, because the original schedule "cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa,* 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory

committee's note); *Romero* v. *Drummond Co*., 552 F.3d 1303, 1318–19 (11th Cir. 2008); *Nobles* v. *Rural Cmty. Ins. Servs*., 303 F. Supp. 2d 1279, 1283–85 (M.D. Ala. 2004).

As this Court has previously held, "the relevant inquiry under Rule 16(b) is whether the *schedule* cannot reasonably be met despite the diligence of the party seeking the extension." *Method Pharm., LLC* v. *H-2 Pharma, LLC*, 2023 WL 8483491, at *2 (M.D. Ala. Dec. 7, 2023) (emphasis in original) (citations omitted); *Jones* v. *Sonic Automotive, Inc.*, 2005 WL 8175544, at *1 (M.D. Ala. May 3, 2005) (finding good cause for amendment even when plaintiff's attorney *could have* but *did not* obtain the relevant information before the scheduling order's amendment deadline).

Mr. Taylor satisfies this standard. His Complaint and FAC included a modified nitrogen hypoxia alternative with midazolam. In preparation for the September 15, 2026 expert disclosures deadline, Mr. Taylor worked with his expert witnesses to refine and finalize their opinions. Following those consultations, Dr. Carly Zapata reached and articulated the expert conclusion that the addition of morphine—an opioid that depresses ventilatory drive and provides relief of air hunger and dyspnea—would assist in more effectively ensuring respiratory suppression and deep sedation, and would more effectively reduce the risk of severe pain and suffering during a nitrogen hypoxia execution.

Amendments to Mr. Taylor's pleadings were due May 1, 2026. ECF No. 124; *see* ECF No. 123; *Van Pelt* v. *Hamm*, No. 25-cv-671-ECM (M.D. Ala. Feb. 8, 2026), ECF No. 47, § 4. Mr. Taylor was not and could not reasonably have been aware of the benefits of including morphine, rather than just midazolam, in his pleaded modified nitrogen hypoxia alternative before those expert consultations, which occurred as the time to prepare expert disclosures approached, and which significantly increased his counsel's knowledge of the effects of the relevant

medications. Mr. Taylor thus could not have made this requested amendment by May 1, 2026. Thus, Mr. Taylor has been diligent and has not delayed filing his motion to amend. For these reasons, Mr. Taylor's amendment to add the administration of morphine to his modified nitrogen hypoxia alternative satisfies Rule 16(b).

**B. Mr. Taylor Satisfies the Rule 15 Requirement**

Having satisfied the requirement of Rule 16(b), Mr. Taylor must also meet the more liberal requirement of Rule 15(a). *Sosa*, 133 F.3d at 1419; *Moore* v. *Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 624 (11th Cir. 2019) (Rule 15(a) "[r]eflect[s] a liberal policy with respect to amendments." (internal quotation marks omitted)). Given this liberal policy in favor of amendment, district courts "should grant a motion to amend '[u]nless there [are] substantial reason[s] to deny' it." *Bowers* v. *U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (quoting *Espey* v. *Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)) (modifications in original).

The United States Supreme Court has identified only five acceptable reasons to deny leave to amend under Rule 15. *Foman*, 371 U.S. at 182. Those five reasons are: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* Without a reason justifying denial, refusal to grant leave to amend would be "inconsistent with the spirit of the Federal Rules." *Id.*

Mr. Taylor's amendment to his modified nitrogen hypoxia alternative does not implicate any of the five reasons that the Supreme Court identified in *Foman*. There has been no undue delay, bad faith, or failure to cure prior deficiencies. Nor would Mr. Taylor's proposed amendment cause undue prejudice to Defendants, despite their claim to the contrary. Mr. Taylor does not seek to add a new alternative method. Instead, Mr. Taylor is simply refining the existing

modified nitrogen hypoxia alternative pleaded in his complaint to add morphine, based on expert consultations. This minor modification will enable the safe administration of Mr. Taylor's already pleaded alternative, which is now articulated with greater specificity, while also aligning the sedation and analgesic medications alleged with those *already* pleaded by Plaintiffs Belisle, Van Pelt, and Brooks in this consolidated action. Permitting Mr. Taylor to make this amendment does not cause undue prejudice to Defendants—to the contrary, this alignment would reduce the issues before the court in this consolidated action, promoting judicial economy and efficient discovery.

Moreover, in the *Lee* litigation, the Defendants took the position that Mr. Lee should have told Defendants how to modify the nitrogen hypoxia protocol to make it constitutional, rather than simply pointing to other methods that are not approved for use in Alabama. Defs.' Objection to Pl.'s Mot. to Amend Order on Scope of Injunctive Relief & Final J. at 6–7, 14–15, *Lee* v. *Lovelace*, No. 2:25-cv-00680-ECM (M.D. Ala. July 17, 2026), ECF No. 206 ("[Mr. Lee] named two alternatives, MAID and firing squad (and won with the latter), but he never pleaded any alteration to the hypoxia protocol that would make it constitutional in his eyes. . . . [Mr. Lee] offers no guidance—no explanation how ADOC could adopt a new, feasible, and significantly safer hypoxia protocol consistent with this Court's injunction."). Here, Mr. Taylor seeks to amend his complaint to do precisely that—refine his pleaded modified nitrogen hypoxia alternative following expert consultation to add a drug that would reduce the risk of severe pain during a nitrogen hypoxia execution.

Finally, this amendment would not be futile. Instead, it will enable the Court to give full consideration to Mr. Taylor's alternative methods informed by the most up-to-date medical expertise appropriate to vindicate his constitutional rights, while lowering the substantial risk of superadded pain and psychological terror associated with ADOC's nitrogen hypoxia

protocol, in accordance with the Eighth Amendment. The amendment will ensure that Mr. Taylor has the opportunity to be meaningfully heard and to test "his claim[s] on the merits" in a situation where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief." *Foman*, 371 U.S. at 182.

The Eleventh Circuit case law is in accord. As the Circuit held in *Espey* v. *Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984), there can be no bad faith or undue delay when a plaintiff moves in a timely manner, as Mr. Taylor has done here. The rare instances where the Eleventh Circuit has upheld a denial of leave to amend involved flagrant violations of a *Foman* factor—for example, in *Pelmer* v. *White*, where the plaintiff waited almost a year after the district court ruled on the merits and the appeal was already pending. 877 F.2d 1518, 1523 (11th Cir. 1989). No such circumstances exist here.

No *Foman* factors are triggered in the instant case, where Mr. Taylor is seeking leave to amend his complaint promptly after consulting with his experts in advance of the September 15, 2026 expert disclosures deadline and to align his modified nitrogen hypoxia alternative with that pleaded by other plaintiffs in this consolidated action. Moreover, amending Mr. Taylor's complaint does not require any modifications to the pending summary judgment briefing or schedule (which relates to a different alternative method) or to the pending discovery schedule.

## II. AMENDMENTS TO ADD ANTI-EMETIC TO THE MODIFIED NITROGEN HYPOXIA AND MAID ALTERNATIVES THAT MR. TAYLOR PLEADED

Mr. Taylor further moves to amend his complaint to add the administration of an anti-emetic to his pleaded modified nitrogen hypoxia and MAID alternatives.

### A. Mr. Taylor Satisfies the Rule 16 Good Cause Requirement

Through consultation with his experts in connection with the expert disclosures deadline, Mr. Taylor recently learned that the addition of an anti-emetic medication would reduce the risk of nausea and vomiting caused by the administration of morphine or opioids, and by hypoxia itself, in conjunction with the modified nitrogen hypoxia protocol or a MAID drug cocktail. Lowering the potential for nausea and vomiting in connection with these alternatives would not only reduce discomfort, but would also bolster the effectiveness of these methods. Vomiting during a nitrogen hypoxia execution could cause a painful death or serious injury through aspiration, rather than nitrogen gas suffocation as intended. Vomiting during a MAID execution could prevent the drug cocktail from being absorbed and causing a peaceful death.

As with the addition of morphine to his modified nitrogen hypoxia alternative, Mr. Taylor only became aware of the benefits of an anti-emetic after the scheduling order's amendment deadline. *See Method Pharm., LLC*, 2023 WL 8483491, at *2. Mr. Taylor thus could not have made these requested amendments by May 1, 2026. He now promptly seeks to amend the FAC to align his pleaded alternatives with the expert opinions recently propounded and to add additional detail warranted by those opinions.

### B. Mr. Taylor Satisfies the Rule 15 Requirement

For the same reasons set forth in Section I.B. above, Mr. Taylor's amendments to include an anti-emetic do not implicate any of the *Foman* factors. Mr. Taylor does not seek to add a new alternative method with the addition of an anti-emetic. An anti-emetic is a medication to reduce nausea and plays no role in causing death under his pleaded alternatives. Rather, Mr. Taylor seeks to refine two alternatives he already pleaded to minimize discomfort and to optimize their efficacy. Those minor modifications will enable the safe administration of Mr. Taylor's already pleaded alternatives. Finally, these amendments would not be futile. They will enable the Court

to give full consideration to Mr. Taylor's alternative methods informed by the most up-to-date medical expertise appropriate to vindicate his constitutional rights.

As with the morphine amendment, Defendants have not (and cannot) identify any specific prejudice from these amendments. The addition of an anti-emetic is a narrow modification that requires no additional discovery beyond what is already contemplated by the existing alternatives. Plaintiff Jenkins has already pleaded the use of anti-nausea medication in connection with a modified nitrogen hypoxia alternative in this consolidated action, so Defendants would need to address this issue regardless.

## III. UNOPPOSED AMENDMENT TO THE MAID ALTERNATIVE THAT MR. TAYLOR PLEADED

Lastly, Mr. Taylor moves to amend his complaint to add an additional drug cocktail that is now commonly used for MAID. Mr. Taylor's counsel has spoken with Defendants' counsel, and Defendants do not object to this amendment.

In consultation with Mr. Taylor's expert in preparation for expert disclosures, Mr. Taylor has recently become aware that doctors who specialize in end-of-life care have begun to use more regularly a cocktail of drugs for purposes of MAID that is different from that alleged in his FAC. The newer cocktail is called "DDMAPh," and it is composed of 100mg of digoxin, 1g of diazepam, 15g of morphine, 8g of amitriptyline, and 5g of phenobarbital. This is a slightly different combination of drugs than had previously been used by physicians, a drug cocktail known to doctors as "DDMP II," which is composed of 100mg of digoxin, 1g of diazepam, 15g of morphine sulfate, and 2g of propranolol. Accordingly, Mr. Taylor is updating his complaint to add the new combination of drugs for MAID.

Here too, Mr. Taylor satisfies both Rules 16 and 15. Mr. Taylor has good cause to amend his pleading under Rule 16(b)(4) because Mr. Taylor has only become aware of these

changes in medical practice after the scheduling order's amendment deadline. *Method Pharm., LLC*, 2023 WL 8483491, at *2. Mr. Taylor has been diligent in raising this amendment, and it does not trigger any of the *Foman* factors. Most importantly, this amendment would not prejudice the Defendants, who do not oppose the amendment. Mr. Taylor therefore satisfies Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Mr. Taylor respectfully requests that this Court grant his motion for leave to amend his complaint, in the form attached as Exhibit A.

Dated: September 18, 2026

Respectfully submitted,

<u>*/s/ Justin D. Lerer*</u>

Justin D. Lerer

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

David K. Kessler (*pro hac vice*)
Justin D. Lerer (*pro hac vice*)
Kyle T. Sieber (*pro hac vice*)

1285 Avenue of the Americas,
New York, NY 10019
(212) 373-3000
dkessler@paulweiss.com
jlerer@paulweiss.com
ksieber@paulweiss.com

**Brief Ehrlich, P.C.**

Andrew J. Ehrlich (*pro hac vice*)

355 Riverside Drive, 5W
New York, NY 10025
(917) 405-7928
ajehrlich@gmail.com

*Attorneys for Plaintiff Jarrod Taylor*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Justin D. Lerer*

Justin D. Lerer