**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| Alabama Nitrogen Hypoxia Protocol | ) | Case No. 2:24-cv-111-ECM |
| Litigation | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF JENKINS'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendants respond to Plaintiff Mark Jenkins's Motion for Leave to Amend His Complaint. DE166. Like Wilson's recent motion, this motion is far too late, and Plaintiff cannot show the good cause Rule 16(b)(4) requires. To be clear, Defendants do not oppose Jenkins's dismissal of his second (Eighth Amendment as-applied challenge), third (Sixth Amendment), fourth (First Amendment), and fifth (RLUIPA) claims.[1] *See* DE166-2:38-43 (redline). But the amendments as to Jenkins's Eighth Amendment claim materially alter his previously pleaded alternatives and come too late to satisfy Rule 16's exacting diligence standard.

## BACKGROUND

Plaintiff Jenkins filed this 42 U.S.C. § 1983 action on August 22, 2025. Complaint, *Jenkins v. Hamm*, 2:25-cv-00676 (M.D. Ala. Aug. 22, 2025), DE1. As to Jenkins's alternatives to the challenged nitrogen hypoxia protocol, he pleaded two:

1. Plaintiff's sixth claim, a due process challenge, was previously dismissed without prejudice per the parties' stipulation. Order, *Jenkins v. Hamm*, 2:25-cv-00676 (M.D. Ala. Jan. 15, 2026), DE28.

(1) a list of modifications to the hypoxia protocol, including optional anti-nausea and anti-seizure medication (drugs, dosage, and route unspecified), optional IV sedative (drug and dosage unspecified), the presence of a licensed medical professional to observe everything, unspecified "comprehensive training" for the members of the execution team placing the mask, proximity between Jenkins and his (unidentified) spiritual advisor, and the presence of Jenkins's counsel in the execution chamber throughout, *id.* ¶78, and (2) a firing squad protocol based on Utah's or South Carolina's, *id.* ¶¶79-81.

The Court's uniform scheduling orders specified that amendments to the pleadings were due by April 24, 2026. Jenkins filed an unopposed motion to extend that deadline to May 1, DE121, which was granted, DE122. While Plaintiffs Belisle, Brooks, Taylor, and Van Pelt filed motions for leave to amend their complaints on May 1, DE127, 129, 130, 131, and amended complaints with Court leave on May 4, DE133, 135, 136, 137, Jenkins did not.

Jenkins now seeks leave to amend his complaint to substantially modify his modified hypoxia protocol alternative. *See* DE166-2:31-35 (redline).

## LEGAL STANDARD

Jenkins concedes that because the deadline for amending pleadings has passed, he must first satisfy Rule 16(b)(4) before the Court even considers Rule 15(a). DE166:5. As Jenkins acknowledges, *Sosa v. Airprint Systems, Inc.*, 133 F.3d

1417, 1419 (11th Cir. 1998), and Federal Rule of Civil Procedure 16(b)(4) provide that a pleading deadline may be modified "only for good cause and with the judge's consent." That standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting FED. R. CIV. P. 16 advisory committee's note). It is an exacting standard, and in applying it, courts in this circuit ask whether the information supporting the proposed amendment was available to the movant before the scheduling order's deadline to amend. *Id.* at 1418 n.2, 1419. If the movant cannot show diligence, "the good cause inquiry should end." *Id.* at 1418 (citation modified).

## ARGUMENT

Jenkins proposes to plead a number of amendments to his alternative hypoxia protocol. Defendants set these out in tabular form for ease of comparison:

| **ORIGINAL (DE1)** | **PROPOSED AMENDED (DE166-2)** |
|---|---|
| 78(a) Jenkins will have option of anti-nausea and anti-seizure medication. | 61(a) Jenkins will receive anti-emetic, such as 20 mg metoclopramide or 8 mg ondansetron, one hour prior to being transported to execution chamber. |
| *Not discussed* | 61(b) Jenkins will be placed on the gurney. |
| *Not discussed* | 61(c) IV lines will be connected to Jenkins consistent with lethal injection executions. |
| *Not discussed* | 61(d) Jenkins can make final statement. |

| ORIGINAL (DE1) | PROPOSED AMENDED (DE166-2) |
| --- | --- |
| 78(b) Jenkins will have option of IV sedative administered by qualified medical professional in dose sufficient to render Jenkins unconscious. | 61(f) Jenkins will receive 30 mg morphine by IV. |
| *Not discussed* | 61(g) Jenkins will receive midazolam by IV "sufficient to render the inmate unconscious." Preparation and administration of the dose should follow ADOC's lethal injection protocol for injecting midazolam. |
| 78(c) Licensed physician or other medical professional will be present to observe placement of mask, administer optional IV sedative, monitor EKG and pulse oximeter, remove mask if Jenkins should vomit, and pronounce time of death. | *Not discussed* |
| 78(d) Jenkins will have opportunity to speak and audibly pray with spiritual advisor without being masked; ensure that mask fit will allow for audible prayer without dislodging the seal or imposing other risks on Jenkins. | 61(e) Before and after final statement, Jenkins can be ministered to by his spiritual advisor, according to approved plan. |
| 78(e) Jenkins will have opportunity to be in close physical proximity to spiritual advisor, to touch spiritual advisor, and to hold spiritual advisor's hand. | 61(e) Before and after final statement, Jenkins can be ministered to by his spiritual advisor, according to approved plan. |
| 78(f) Jenkins's counsel will be with him in execution chamber during execution, including observing placement of mask; in the alternative, audio of execution will be provided to counsel's observation room. | *Not discussed* |

| ORIGINAL (DE1) | PROPOSED AMENDED (DE166-2) |
| --- | --- |
| *Not discussed* | 61(h) Five minutes after midazolam, member of execution team will conduct consciousness assessment identical to that used in ADOC's lethal injection protocol. |
| *Not discussed* | 61(i) If Jenkins is still conscious, a second, identical dose of midazolam will be administered, followed by a five-minute wait and another consciousness check. |
| *Not discussed* | 61(j) If Jenkins is unconscious, and at least fifteen minutes after injection of morphine, execution team members will place mask on Jenkins and proceed as provided in ADOC protocol. |
| 78(g) Comprehensive training for execution team members placing and adjusting mask; state team members' level of experience with mask being used, and state metrics that will be used to ensure the mask is properly placed. | 61(k) Provisions for comprehensive training for individuals administering the medications and placing the mask on Jenkins; state team members' level of experience with mask being used, and state metrics that will be used to ensure the mask is properly placed. |
| 78(h) Remedy any other problems disclosed through release of unredacted protocol. | *Not discussed* (NB: unredacted protocol has been disclosed to counsel) |
| *Not discussed* | 62 If IV route for morphine and midazolam is not possible, IM or oral administration can be used. |

Jenkins argues he satisfies the Rule 16(a)(4) and Rule 15(a) requirement to amend his pleading months after the Court-set deadline. DE166:5-10.

### A. Plaintiff cannot establish good cause under Rule 16(b)(4).

Jenkins's only asserted basis for good cause is that he "had not consulted at that time with his medical experts who would later provide further detail on potential modifications to the Protocol in the expert disclosures due September 15, 2026." DE166:6. He adds that the "expert-informed factual detail regarding the proposed modifications to the Protocol" was disclosed in Dr. Carly Zapata's expert report on September 15, *id.*, and he claims that the proposed modifications are not a new theory, but rather "a refinement" of his previously pleaded alternative, *id.* at 7.

This alternative was available to plead well before the deadline, and other plaintiffs timely amended to incorporate the changes Jenkins now seeks to add. Plaintiffs Belisle, Brooks, and Van Pelt pleaded an "alternative nitrogen gas protocol with midazolam and morphine" in their May 4 amended complaints, which specified:

- The IV team sets IV lines. The inmate is then ministered to by his spiritual advisor and allowed to make a final statement;
- The inmate receives 500 mg IV midazolam (which is what ADOC administers for lethal injection);
- There is a consciousness check five minutes later, consistent with the lethal injection protocol;
- If the inmate remains conscious, he receives a second 500 mg dose of midazolam;
- If the inmate is unconscious, he receives 30 mg of IV morphine;

- The execution team members then place the mask on the inmate and proceed with the nitrogen hypoxia protocol.

DE135 ¶¶ 70-75 (Belisle); DE136 ¶¶ 70-75 (Van Pelt); DE137 ¶¶ 70-75 (Brooks). Jenkins cannot claim that this alternative could not have been discovered before speaking with Dr. Zapata on the eve of expert disclosures when three other plaintiffs pled the alternative in May. Indeed, Jenkins admits that Belisle, Brooks, and Van Pelt "made similar amendments." DE166:9.

A straightforward application of *Sosa* resolves this issue in the State's favor: the information supporting the amendment was available before the scheduling order deadline. This is even truer considering discovery was consolidated on March 16, 2026. DE103. It appears that what Jenkins actually complains of, then, is not that the facts were *not* ascertainable, but that it took him too long to conduct discovery. That is not due diligence, and it is thus not good cause under Rule 16(b)(4).

**B. The Court need not reach the Rule 15(a) issue, but Plaintiff cannot show that leave to amend should be granted under that Rule.**

When a movant fails to establish good cause under Rule 16(b), the Court need not consider whether amendment would be proper under Rule 15(a). *Sosa*, 133 F.3d at 1419. Should the Court reach Rule 15, however, leave should be denied. Although leave is to be "freely give[n] when justice so requires," FED. R. CIV. P. 15(a)(2), it is not automatic. The Court may deny leave for undue delay, bad faith or dilatory

motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

***Undue Delay.*** As noted above, the delay here is substantial and unexplained by anything other than litigation strategy. The morphine and midazolam combination before the nitrogen hypoxia protocol alternative was available to Jenkins as late as May 4, 2026, but he chose not to plead it then. Jenkins's reliance on *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984), is misplaced for the same reason: there is no timeliness to credit when the amendment could have been made months earlier. And this amendment represents a continuation of a pattern of delay that this Court has made clear it will not tolerate. *Frazier v. Hamm*, 2025 WL 361172, at *15 (M.D. Ala. Jan. 31, 2025) ("[T]he equities are not in Frazier's favor because he unreasonably delayed filing this § 1983 action and seeking injunctive relief."); *id.* at *16-17 ("Based on the totality of the circumstances, the Court finds Frazier's delays inexplicable and inexcusable, and he has thus left little doubt that the real purpose behind his claim is to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out.") (citation modified); *id.* at 38-39 ("That Fraizer now challenges the Protocol because it deprives a conscious person of oxygen strikes the Court as a change in legal position intended to apart to the 'exigencies of the moment,' rather than a bona fide legal argument that depriving a conscious person of oxygen is constitutionally suspect. While Frazier might not be

estopped from advancing his current position, his change in position, although not dispositive, bolsters the Court's conclusion that the equities do not favor injunctive relief on this record.").[2]

***Undue Prejudice.*** Jenkins argues Defendants suffer no prejudice because Defendants are defending against similar claims by Plaintiffs Belisle, Brooks, and Van Pelt in this consolidated action. DE166:9. But this case is at an advanced stage—Jenkins's September 15, 2026, expert disclosure deadline has already passed, for instance. *Cf. Bucklew v. Precythe*, 587 U.S. 119, 149 (2019) ("[T]he long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive."). And Jenkins's addition of morphine is pleaded differently from Belisle's, Brooks's, and Van Pelt's complaints because Jenkins wants morphine administered *before* midazolam. DE166-2 ¶¶ 61(a), 61(f). Defendants have made litigation decisions and committed finite resources in reasonable reliance on Jenkins's operative pleading that existed as of this Court's deadline to amend. That a substantially similar alternative is at issue does not eliminate the burden of litigating it anew in this one, on this record, against this Plaintiff.

---

2. Considering that all Jenkins did was rearrange a similar claim established by three other plaintiffs, this Court should view his proposed amendment, one that came so close to the expert disclosure deadline, as dilatory and the sort of late-hour amendment that Rule 15(a) will not sanction.

## CONCLUSION

For the reasons above, this Court should deny Jenkins's Motion for Leave to Amend to the extent it seeks to substantially amend his alternative nitrogen hypoxia protocol.

Respectfully submitted on October 5, 2026.


Steve Marshall
*Attorney General*

***/s/ Lauren A. Simpson***
Lauren A. Simpson
*Deputy Attorney General*

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

***/s/ Lauren A. Simpson***
Lauren A. Simpson
*Deputy Attorney General*


ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov