# Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

***In re. Alabama Nitrogen Hypoxia Protocol Litigation***

| | | |
|---|---|---|
| DAVID WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-111-ECM |
| | ) | |
| GREG LOVELACE, Commissioner, Alabama Department of Corrections, | ) | *DEATH PENALTY CASE* |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF DAVID WILSON'S OBJECTIONS TO DEFENDANT'S EXPERT DISCLOSURES RE: JULIAN KU**

Pursuant to the Court's Scheduling Order (Doc. 80), Plaintiff David Wilson hereby provides the following objections to Defendant's October 23, 2026 expert disclosure concerning Professor Julian Ku. Plaintiff does not waive, and expressly preserves, any separate objections to the relevance or admissibility Mr. Ku's opinions, as well as any separate objections to the expert's qualifications, methodology, factual assumptions, and opinions under *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or any other applicable law or rule of evidence.

## I. The Retention of Professor Julian Ku by Defendant Raises a Conflict of Interest that Jeopardizes the Integrity of the Judicial Process.

It is well established that federal courts have "the inherent power . . . to disqualify experts in certain circumstances. This power exists in furtherance of the judicial duty to protect the

integrity of the adversary process and to promote public confidence in the fairness and integrity of the legal process." *Wang Laboratories, Inc. v. Toshiba Corp.*, 762 F. Supp. 1246, 1248 (E.D. Va. 1991); *see also Koch Refining Co. v. Jennifer L Boudreau M/V,* 85 F.3d 1178, 1181 (5th Cir.1996) ("Federal courts have the inherent power to disqualify experts."); *Wyatt By and Through Rawlins v. Hanan*, 871 F. Supp. 415, 419 (M.D. Ala. 1994) ("under appropriate circumstances, a court has the inherit power to disqualify an expert from participating in litigation before it."); *Goldman v. Bracewell & Patterson, L.L.P.*, 2005 WL 5960357, at *1 (M.D. Fla. May 9, 2005) ("To preserve the public confidence in the fairness and integrity of judicial proceedings, a court has the inherent authority to disqualify expert witnesses who have a conflict of interest."); *Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM/DJW, 2013 WL 501783, at *3 (D. Kan. Feb. 8, 2013); *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092–93 (N.D. Cal. 2004).

Defendant's retention of Professor Ku as an expert on international law jeopardizes the integrity of the judicial process. Professor Ku is a tenured professor at Hofstra Law School and a visiting professor at Columbia Law School. In his capacity as visiting professor at Columbia Law School, Professor Ku is an active colleague of undersigned counsel, who is a tenured professor at Columbia Law School. Professor Ku is currently teaching a course titled "China and International Law" this semester (Fall 2026) at Columbia Law School and is thus actively on the same faculty of law as undersigned counsel. *See* "Disclosure as to Expert Witness Julian Ku" (including Julian Ku Curriculum Vitae); *see also Julian Ku Faculty Profile*, Columbia Law School (last accessed October 31, 2026), https://www.law.columbia.edu/faculty/julian-ku.

Being colleagues on the same faculty of law—in the same way as being colleagues at the same law firm—raises a conflict of interest with regard to serving for opposite parties in a lawsuit. Defendant should have conducted a conflict-of-interests check and should have decided not to

approach and retain Professor Ku. Professor Ku should similarly have conducted a conflicts check and declined. The conflict is inherent: as a senior, chaired, tenured faculty member of the Columbia Law School, undersigned counsel has an interest in maintaining the standing and reputation of Columbia Law School. As such, it goes directly against undersigned counsel's interests to criticize a colleague's expert opinion in public—or worse, to demonstrate in open court that it is wrong as a matter of law. This puts unacceptable pressure on undersigned counsel, for instance, to limit his cross examination of Defendant's expert so as not to tarnish the reputation of Columbia Law School. While undersigned counsel often does—and in fact must as a matter of academic integrity—inform colleagues at Columbia Law School of any weaknesses in their scholarship and work when he is aware of them, such critiques are always collegial and intended to correct. The point of those critiques is to improve the caliber of the academic work of his colleagues. That is not how attorneys should or would approach cross examination, which requires that counsel undermine not only the expert's conclusions, but also their credibility.

It is entirely improper to place undersigned counsel in the position of having to cross-examine a colleague in open court and risk diminishing the reputation of his own academic institution. The conflict of interest is accentuated in this case because Professor Ku is a licensed attorney.[1] Accordingly, he is bound by the Alabama Rules of Professional Conduct before this court.[2] Even though he is not acting in a representative capacity, and thus his retention as an expert

---

[1] According to the curriculum vitae on his faculty profile, Professor Ku is licensed to practice in New York. *See Julian Ku Faculty Profile*, Columbia Law School (last accessed October 31, 2026), https://www.law.columbia.edu/faculty/julian-ku ; *see also Attorney Directory*, New York State Unified Court System (last accessed November 1, 2026), https://iapps.courts.state.ny.us/attorneyservices/search (Julian Ku is registered as an attorney in the State of New York under the registration number 3954542).

[2] It makes no difference that Professor Ku is admitted in New York rather than Alabama, as in Alabama, "[a] lawyer not admitted in this jurisdiction is also subject to the disciplinary authority

does not give rise to a formal violation of Rules of Professional Conduct, it nonetheless exemplifies the kind of behavior that the rules were intended to prevent, namely, jeopardizing the integrity of the judicial proceeding before the Court.

Rule 1.10(a) of the Alabama Rules of Professional Conduct provides that "While lawyers are associated in a firm, none of them shall knowingly represent a client when any of them, practicing alone, would be prohibited from doing so by Rules 1.7, 1.8(a)-1.8(k), 1.9, or 2.2." Ala. R. Prof. Conduct 1.10(a). Rule 1.7(a) then provides that "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) Each client consents after consultation." Ala. R. Prof. Conduct 1.7(a). Professor Ku and undersigned counsel are employed by the same institution, and for purposes of Rule 1.10, work for the same firm. Undersigned counsel, as counsel for Mr. Wilson, certainly could not have undertaken the representation of Defendant because the two parties' interests are directly adverse. As a member of the same firm, Professor Ku therefore also could not represent Defendant unless both parties consent. (Mr. Wilson has not consented and does not consent.)

It is true that Professor Ku is not representing Defendant here but rather serving as his expert. However, although courts have recognized that the Rules of Professional Conduct "do not apply to *non-attorney* expert witnesses," the same has not been said for *attorney* expert witnesses.[3]

---

of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction." Ala. R. Prof. Conduct 8.5.

[3] This District has left open "the extent to which the law regarding attorney disqualification may be applied to expert disqualification." *Wyatt*, 871 F. Supp. at 422. While such application may be narrow if Professor Ku were testifying in defense of a past representation, or another matter that would render him indistinguishable from a lay or non-attorney expert witness, here, where Professor Ku is opining on legal issues in ways similar to counsel, he should also be bound by the laws and rules governing attorney disqualification.

*Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM/DJW, 2013 WL 501783, at *4 (D. Kan. Feb. 8, 2013) (emphasis added). In fact, federal courts recognize that that "the duties of an attorney-expert are greater than the ordinary expert." *W.R. Grace & Co. v. Gracecare, Inc.*, 152 F.R.D. 61, 65 (D. Md. 1993). As an expert witness retained to provide insight on the legal questions in this matter, Professor Ku serves in a role proximate to that of counsel. And therefore, the questions of loyalty and conflicts of interest contemplated by Rules 1.10 and 1.7 apply equally here, where Professor Ku is colleagues with one party's attorney and seeks to provide legal expertise on behalf of the adverse party.

In fact, federal courts have recognized that an attorney may not "serve as an expert witness for a third-party who was an adversary of the attorney's law firm's client" when the firm's representation of the client was "not completely unrelated to the subject of" the expert's testimony. *AGI Suretrack LLC v. Farmers Edge Inc.*, No. 8:22-CV-275, 2024 WL 693971, at *2 (D. Neb. Feb. 20, 2024); *see also Commonwealth Ins. Co. v. Stone Container Corp.*, 178 F. Supp.2d 938, 947 (N.D. Ill. 2001) ("the duty of loyalty to a represented client should always raise a question in the mind of an attorney who subsequently seeks to concurrently serve as a testifying expert for a third-party who is adverse to the client").

An expert may be disqualified even if he did not personally have access to the client's confidential information, as long as the firm itself did, because permitting the attorney "to serve as an adverse witness in [the] case would create an appearance of impropriety that the Court cannot ignore." *AGI Suretrack LLC*, 2024 WL 693971, at *2; *see also International Business Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir.1978) ("The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration . . . that a court may disqualify an attorney for failing to avoid even the appearance

of impropriety.”). Here, Professor Ku’s expert testimony is certainly related to undersigned counsel’s representation of Mr. Wilson; and the Columbia Law School server hosts Mr. Wilson’s case files. At minimum, this creates an appearance of impropriety and thus jeopardizes the integrity of the judicial process.

Defendant should have been aware of the conflict prior to Professor Ku’s retention as Defendant’s expert and should have avoided the conflict. Defendant is thus responsible for any prejudice that may result from Plaintiff moving the Court to disqualify Professor Ku.

Dated: November 6, 2026

Respectfully submitted,

Bernard E. Harcourt
(ASB-4316-A31B)

Columbia Law School
435 West 116th Street
New York, New York 10027
Telephone: (212) 854-1997
Fax: (212) 854-7946
Email: beh2139@columbia.edu

*Attorney for Plaintiff David Wilson*